## PROVIDENCE COUNTY.

### IN RE THE LIQUORS OF JOHN E. McSOLEY.

A statute provided for the seizure of liquors and their condemnation by a district court. A jury trial could be had only on appeal, and an appeal was possible only upon condition that it be taken immediately on judgment of forfeiture, and be accompanied by a recognizance with sureties in the sum of $300 to prosecute the appeal, and during its pendency not to violate any of the provisions of the act. If no appeal was taken, the district court was forthwith to order the liquors destroyed. Pub. Laws R. I. cap. 596, of May 27, 1886, §§ 19-26 ; cap. 634, of May 4, 1887.

*Held*, that the statute was not unconstitutional because no time was given to procure sureties and perfect the recognizance.

*Held*, further, that the amount of the recognizance was a matter of legislative discretion, at least unless it is clearly exorbitant.

*Held*, further, that the condition of the recognizance not to violate any provision of the act pending the appeal was in violation of the constitutional guaranty of a trial by jury, but that this condition was separable from the rest of the recognizance, and could be regarded as a nullity.

*Saco* v. *Wentworth*, 37 Me. 165 ; *Greene* v. *Briggs*, 1 Curtis, 311, distinguished.

CONSTITUTIONAL questions certified to the Supreme Court under Pub. Stat. R. I. cap. 220, §§ 1–9.

*George J. West*, for claimant. On the 13th day of July, 1887, in the city of Providence, by virtue of a search warrant, Benjamin T. White, sergeant of police of said city, searched the premises of the defendant, and carried away a barrel containing ale. On the 18th of said month, said White served upon the defendant a copy of the accompanying complaint and warrant. On the 19th of July the case was called, and continued to July 22 for trial. On that day the defendant appeared, claimed the liquor and barrel, and moved to dismiss the complaint, as the statute under which it was brought was unconstitutional. The court proceeded to try the cause, adjudged the liquor and barrel forfeited, and certified the cause to this court.

1. The proceeding is criminal in its nature. *Fisher* v. *McGirr*, 1 Gray, 1, 40; *Greene* v. *Briggs*, 1 Curtis, 311; *Commonwealth* v. *Intoxicating Liquors*, 115 Mass. 142; 1 Bishop Criminal Law, §§ 834, 835, and notes; *Commonwealth* v. *Newell*, 5 Gray, 76; *Commonwealth* v. *Intoxicating Liquors*, 122 Mass. 8.

2. The act of the Assembly, which compels the defendant to appeal and to give a recognizance in order to obtain a jury trial, impairs his rights, and is inconsistent with the constitutional guaranty. *Saco* v. *Wentworth*, 37 Me. 165; *Saco* v. *Woodsum*, 39 Me. 258; *Sullivan* v. *Adams*, 3 Gray, 476; *Wynehamer* v. *People*, 13 N. Y. 378.

3. Even if the legislature has the power to compel the giving of a recognizance, the one required is an obstruction and a clog to the right of jury trial. *State* v. *Gurney*, 37 Me. 156.

*Ziba O. Slocum*, Attorney General, for the State.

*August* 2, 1887. PER CURIAM. This is a constitutional question certified to us for decision from the District Court of the Sixth Judicial District. It is raised on a complaint made against certain intoxicating liquors for the purpose of procuring their condemnation, forfeiture, and destruction, as liquors kept for illegal sale. The complaint is brought under Pub. Laws R. I. cap. 596, of May 27, 1886, §§ 19, 20, 21, 22, 23, 24, 25, 26, and cap. 634, of May 4, 1887, in amendment thereof. The first seven of these sections provide for complaint, seizure, and trial, and upon proof that the liquors are kept for illegal sale, for judgment of condemnation and forfeiture. Section 26 provides that, "Upon entry of judgment of forfeiture against such liquors and the vessels containing the same, unless an appeal be then taken and recognizance given as prescribed in case of an appeal from a sentence of a district court for an offence under the provisions of this act, the court shall forthwith issue a warrant commanding the officer intrusted with the service of the same forthwith to destroy said liquors, and also to destroy the vessels containing the same, or to sell said vessels at public or private sale, as the court may direct." The recognizance required to be given is a recognizance in the sum of three hundred dollars, with good and sufficient surety, with condition that the appellant "will file his reasons of appeal in the court appealed to at least five days before the sitting of said court; that he will appear before said court and there prosecute his appeal with effect, and abide or perform the order or sentence of said court in said case; and that he will not, during the pendency of such appeal, violate any of the provisions of this act." The claimant of the liquors contends that these sec-

tions are unconstitutional, because under them he has no proper opportunity to obtain the jury trial which he is entitled to by the Constitution, art. I. §§ 10, 14, 15. Jury trial is obtainable only by appeal, and the claimant complains that the appeal is ineffectual unless it is accompanied by the prescribed recognizance with surety, for the procurement of which no time is afforded, and that the recognizance prescribed is excessive in amount and subject to unreasonable conditions. He contends that the requirement of any recognizance is unconstitutional, but insists particularly on the three objections mentioned, to wit: *First*, that time to procure surety is not allowed; *second*, that the recognizance required is excessive in amount; and, *third*, that unreasonable conditions are imposed, notably the condition that the claimant will not, during the pendency of his appeal, violate any of the provisions of the act.

There is no doubt, in our opinion, but that a proper recognizance may be required as prerequisite to an appeal. *Jones* v. *Robbins*, 8 Gray, 329, 341; *Hapgood* v. *Doherty*, 8 Gray, 373; *The Commonwealth* v. *Whitney*, 108 Mass. 5; *The Flint River Steamboat Co.* v. *Foster*, 5 Ga. 194; *Lincoln* v. *Smith*, 27 Vt. 328, 361; *Beers* v. *Beers*, 4 Conn. 535; *Biddle* v. *The Commonwealth*, 13 Serg. & R. 405; *Littlefield* v. *Peckham*, 1 R. I. 500. The recognizance in ordinary criminal cases serves the purpose not only of an appeal bond, but also to hold the appellant to bail. The right of jury trial is preserved by the appeal, if the provision for it and the conditions imposed be reasonable. The question in this case therefore is largely a question of reasonableness, and upon such a question it is natural, almost inevitable, for men to differ. It will not do for the court to condemn the provision for the appeal, or the conditions of the recognizance, simply because they are more stringent or more burdensome than the court would have prescribed if it had enjoyed the privilege of legislating. Some latitude must be allowed for differences of opinion. The right of appeal may be used to delay or defeat, as well as to further, the ends of justice; and restrictions having a tendency to guard against the abuse should not be too hastily condemned because they may likewise, in some measure, hamper the legitimate exercise of the right. The doctrine of this court

in *Littlefield* v. *Peckham* is, that the legislature has a discretion which it must be left to exercise, unless it clearly exercises it in an unreasonable and oppressive manner.

The first objection specifically urged, as we have seen, is that § 26 directs the court to order the liquors to be forthwith destroyed after judgment, unless appeal be then taken and recognizance given as prescribed. Under this provision, it is urged, the claimant may lose his property without jury trial unless he can instantly find surety for appeal. He directs our attention to the difference between this and other cases: for, in other cases, the appeal avails though no recognizance be given, the appellant being committed until recognizance is given. But the other cases are cases in which the appellant is under arrest, the complaint being against him personally; but the proceeding here is against the liquors only, and the claimant, not being in custody, is not amenable to commitment. The most the claimant can ask, therefore, is reasonable time to find surety. Doubtless it would have been better if some definite time had been allowed; but, in our opinion, the use of the word "forthwith" does not imply that a reasonable time is not to be allowed, since that, like all other directions to judicial tribunals, is to be judicially carried out with due regard to individual rights. Besides, we need not ignore, for the sake of theory, what we know as matter of fact, that a party who intends to take an appeal if judgment goes against him is seldom unprepared for it, having had time to prepare for such a contingency before the trial, and, if he can furnish surety, is little likely to fail to do so for want of time merely. We are not prepared to sustain the first objection.

The objection that the recognizance required is excessive in amount was not much pressed in argument, and we do not think it can be sustained. It is reasonable that the amount should be large enough to discourage the taking of appeals without cause, since the keeping of the liquors is attended with trouble and expense; and, though probably a less sum than three hundred dollars might have sufficed, we cannot say that three hundred dollars is clearly exorbitant. It is the amount required in other cases in which it is unquestionably reasonable.

The objection that the conditions of the recognizance required

to perfect the appeal are unreasonable and oppressive, does not seem to us to have any force, except as it applies to the condition that the appellant, during the pendency of the appeal, shall not violate any of the provisions of the act. In *Saco* v. *Wentworth*, 37 Me. 165, where, in a provision for appeal from the sentence of a municipal court, or justice of the peace, upon a complaint for unlawfully selling spirituous liquors, the requirement was that the appellant should give bond in the sum of two hundred dollars, upon condition, among others, that he would not violate any provision of the act pending his appeal; the requirement was held, in a suit on the bond, to be unconstitutional, and the bond given in compliance with it void. The ground taken by the court was that the accused was entitled, by the Constitution, to have a jury decide whether he was guilty or not of the offence laid to his charge, and that it was, therefore, incompetent for the legislature to say that he should not have the right so secured to him unless he would first give security not to violate any of the provisions of the act under which he was complained of, pending the complaint, the imposition of such a condition being foreign to the purposes for which an appeal bond could be properly required. We see no escape from this reasoning, certainly not in cases where, as here, the appellant himself is not held to bail. We do not think, however, that it follows that the sections providing for seizure and forfeiture are void. It is not these sections which offend, but the irrelevant condition. Why, then, not strike directly at the condition? The recognizance is complete without it. It is merely something added by itself, without any vital connection with what precedes. Striking it out leaves no gap to be filled. If the requirement were that the accused should give a separate additional recognizance, simply containing such a condition, as a prerequisite to his getting a jury trial, it seems to us that there could be no question that the proper decision would be, not that the sections providing for seizure and forfeiture were unconstitutional and void, but only that the requirement was unconstitutional and void, and that the recognizance, with its obnoxious condition, should cease to be insisted upon. The recognizance required, though subject to other conditions, is in effect separate as to this, the condition being separate, and it

might be sued for breach of this condition as if there were no others in it. We think, therefore, we need go no further than to say that the requirement of the condition is unconstitutional and void, and that the recognizance may be given without it, and that, even if the condition be left in, it will be a mere form of words without effect, a nullity.

It is true that in *Saco* v. *Wentworth, supra,* the court held that the recognizance itself, not simply the condition, was void, but, so far as appears, the recognizance, for the other purposes for which it was taken, was *functus officio,* and was not supposed to have any vitality. Perhaps, too, it may be supposed that our decision is in conflict with *Greene* v. *Briggs,* 1 Curtis, 311; but there, though the recognizance was condemned on account of one of its conditions, the seizure and forfeiture sections were themselves infected with unconstitutionality. We deem it our duty to sustain legislation so far as we can, and not to condemn the whole for some unconstitutionality in a part, if the part can be stricken out, and a consistent, valid whole still remain. And see *Allen* v. *Staples,* 6 Gray, 491.

Our conclusion is that the objections must be overruled, and the cause remitted to the District Court for further proceedings.

*Order accordingly.*