267 A.2d 722.

ARTHUR COURNOYER *vs.* JOHN F. SHARKEY, *Acting Warden Adult Correctional Institutions*

JULY 15, 1970.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

PER CURIAM. This petitioner for habeas corpus was adjudged to be in violation of the zoning code of the Town of Lincoln by a decree entered in the Superior Court on February 18, 1958. That decree ordered him to remove from his land all the waste and junk material by the first of April 1958. Failing to comply with this order petitioner was adjudged in contempt of the Superior Court order by a decree entered November 10, 1959, from which decree no appeal was taken.

Thereafter the Town of Lincoln moved for sentence, and a hearing was held thereon which resulted in a decree entered April 30, 1963, by the terms of which petitioner was ordered to pay a fine of $250. From that decree petitioner appealed to this court on the ground that the Superior Court justice erred in excluding certain evidence which petitioner contended was relevant to his lack of willfulness. We sustained his appeal and remanded the cause to the Superior Court for a new hearing. Furthermore, the imposition of the $250 fine was expressly reversed. Our opinion in that appeal is reported in *Town of Lincoln* v. *Cournoyer*, 102 R. I. 512, 232 A.2d 124, filed on July 20, 1967. It contains an elaboration of the facts and travel of this cause which need not be repeated here. Suffice it to say that after our remand to the Superior Court for a new hearing, no further action was taken until January 15, 1969. On that date the Town of Lincoln again moved for imposition of sentence and, in accordance with our remand, a hearing was held on January 29, 1969.

The record of this hearing discloses that petitioner was given great latitude in adducing evidence which he believed justified his failure to remove the waste and junk materials as ordered by the decree of February 18, 1958, including an attempt to show that he was devoting his land to use as a junk yard at the time the Lincoln ordinance was enacted, thus giving him a nonconforming use. This contention, however, went to the merits of the 1958 decree which, being unappealed, rendered the question of a nonconforming use res judicata.

Also adduced at this hearing was petitioner's testimony that there were presently on the premises upwards of 50 useless automobiles, and his admission that some ten photographs of his premises were a fair and accurate representation of presently existing conditions. An examination of these pictures discloses an accumulation of inoperative

trucks, cars, piles of scrap metals, lumber, motors, truck and car bodies, vehicles without tires, tires without vehicles, and so ad infinitum. In short, these photographs depict a classic junk yard scene.

At the close of the hearing the Superior Court justice reimposed the $250 fine and further imposed a 90-day sentence in the Adult Correctional Institutions. However, both penalties were suspended to April 30, 1969, to afford petitioner further opportunity to purge himself.

Before the purge period had expired petitioner moved to reopen the hearing on the grounds of newly discovered evidence in connection with his contention relative to a nonconforming use. This motion was denied and since, as heretofore pointed out, the question of nonconforming use had been foreclosed by the February 18, 1958 decree, the denial of the motion was clearly proper.

Thereafter on May 9, 1969, a hearing was held on the motion of the Town of Lincoln to vacate the suspension of sentences, petitioner having failed to purge himself within the time provided. This motion was granted, the suspension vacated and petitioner was ordered committed to the Adult Correctional Institutions for a period of 90 days. No appeal was taken within the 20 days provided by law.

However, on June 12, 1969, petitioner filed in this court a petition for habeas corpus alleging, *inter alia*,[1] that the Superior Court justice exceeded his jurisdiction in imposing a 90-day sentence in addition to reimposing the original $250 fine.

A show cause order issued, and the respondent warden's answer not being clearly dispositive of the jurisdictional question raised by petitioner, we ordered the writ to issue

---

[1] The other grounds, not going to jurisdiction, were reviewable in this court by way of appeal and for this reason are neither stated nor considered in this opinion. *Asadoorian for Writ of Habeas Corpus*, 48 R. I. 50, 135 A. 322.

and directed the Superior Court to fix bail. *Cournoyer* v. *Sharkey*, 106 R. I. 809, 255 A.2d 169.

We turn then to a consideration of the jurisdictional question raised in the petition. With regard thereto, the petitioner makes two related contentions. These are that the mandate of this court in *Town of Lincoln* v. *Cournoyer, supra,* limited the Superior Court justice in the January 29, 1969 hearing to receiving evidence tending to show a lack of willfulness, or that the contumacious conduct would not persist in continued defiance of the court. If no such evidence were adduced, it is petitioner's second contention that the jurisdiction of the Superior Court to punish was limited to a reimposition of the $250 fine. We find no merit in either contention.

The April 30, 1963 decree was reversed by this court and the cause remanded to the Superior Court for a new hearing on the Town of Lincoln's motion for sentencing to the end that petitioner would be afforded an opportunity to establish either a lack of willfulness or a willingness to refrain from persisting in that conduct previously adjudicated as contumacious. If he were to make either such showing, the same might properly be expected to be considered by the Superior Court justice in mitigation of petitioner's adjudicated contempt. We did not, however, foreclose the movant town from proffering evidence demonstrating the converse of petitioner's burden, namely willfulness and persistent disregard of the order contained in the November 10, 1959 decree. Moreover, as we stated in *Town of Lincoln* v. *Cournoyer, supra*:

> "The view is so well settled as to require no citation of authority that testimony as to the conduct of a respondent subsequent to having been adjudicated in contempt is admissible on the issue of willfulness where the punishment to be imposed is under consideration." 102 R. I. at 515, 232 A.2d at 125.

The record establishes that petitioner continued his con-

tumacious conduct in the period intervening between our remand in July of 1967 and his hearing of January 29, 1969. Indeed this course of conduct was unwavering from the entry of the contempt decree in November 1959, to the date of the hearing of which he complains. In such circumstance, the Superior Court justice did not exceed his power to punish when he added to the original fine a sentence of 90 days confinement in the Adult Correctional Institutions.

So concluding, we are not unmindful of the holding of the United States Supreme Court in *North Carolina* v. *Pearce*, 395 U. S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656, wherein the Court held:

> "Due process of law, then, requires that vindictiveness against a defendant for having successfully attacked his first conviction must play no part in the sentence he receives after a new trial. And since the fear of such vindictiveness may unconstitutionally deter a defendant's exercise of the right to appeal or collaterally attack his first conviction, due process also requires that a defendant be freed of apprehension of such a retaliatory motivation on the part of the sentencing judge.
>
> In order to assure the absence of such a motivation, we have concluded that whenever a judge imposes a more severe sentence upon a defendant after a new trial, the reasons for his doing so must affirmatively appear. Those reasons must be based upon objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding. And the factual data upon which the increased sentence is based must be made part of the record, so that the constitutional legitimacy of the increased sentence may be fully reviewed on appeal." 395 U. S. at 725, 726.[2]

---

[2]The petitioner's conduct not constituting direct contempt, the proceedings here under review are civil in nature. However, when such a proceeding can result in deprivation of liberty, the contemnor is entitled to that due process constitutionally guaranteed to an accused in criminal proceedings. *State* v. *Costantino*, 107 R. I. 215, 266 A.2d 33.

Here, in imposing the additional sentence of 90 days, the Superior Court justice made clear that he was doing so because of the petitioner's brazen disregard of the court's order for some five years and ten months, subsequent to the imposition of the original fine.

The petition for habeas corpus is denied, the writ heretofore issued is quashed, and the cause is directed to the Superior Court for the revoking of bail previously fixed, and the remanding of the petitioner for completion of his sentence.

*Earl F. Pasbach,* for petitioner.

*Harry W. Asquith,* for respondent.