280 A.2d 333.
STATE *vs.* FREDERICK HOLLIDAY *et al.*
STATE *vs.* ANGELO MARINOSCI.

AUGUST 11, 1971.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

ROBERTS, C. J. We have before us for review certain decisions of the District Court denying motions made by four defendants charged with various misdemeanors for the appointment of counsel to represent them as indigents in the District Court trials and motions for trial by jury in that court.

In the first case, Frederick Holliday was charged with operating a motor vehicle on a public highway on June 4, 1969, while under the influence of intoxicating liquor in violation of G. L. 1956 (1968 Reenactment) §31-27-2. Holliday was arraigned on June 5, 1969, and pleaded not guilty. In the second case, Shirlee Rich was charged with carrying a concealed weapon, to wit, a knife in violation of §11-47-2 (1969 Reenactment). Rich was arraigned on October 30, 1969, and pleaded not guilty.

In the third case, Pasco A. Corsi was charged with operating a motor vehicle on February 13, 1970, after his license to operate a motor vehicle had been suspended in violation of §31-11-18. He was arraigned on February 20, 1970, and pleaded not guilty. In the fourth case, Angelo Marinosci was charged with operating an automobile at a highway intersection in the city of Warwick and entering that intersection when the signal light was set red against him in violation of §31-13-6(c)(1). He was arraigned on July 14, 1970, and pleaded not guilty.

Thereafter, Holliday, Rich, and Corsi moved that the court, because of their indigence, appoint counsel to represent them at the trial in the District Court and to grant each of the three a trial by jury in the District Court. The court found each of the defendants to be an indigent but

denied each of the motions and ordered them to appear for a trial on a subsequent date with or without counsel. Subsequently, all three sought a review of the decisions of the District Court in this court, and on July 23, 1970, we issued certiorari in each case.

Marinosci filed only a motion for a jury trial in the District Court, and this motion was denied. Thereafter, Marinosci sought a review of the decision of the District Court denying his motion for a trial by jury, and on September 3, 1970, we granted certiorari and ordered all four cases to be consolidated for hearing before this court. In each of these cases the offense charged is a misdemeanor, and upon conviction therefor each of the defendants could be subject to the imposition of the penalty of imprisonment for not more than one year or a fine of not more than $500 or both. This, in our opinion, distinguishes these offenses from petty offenses, a matter to which we will refer later in this opinion.

## RIGHT TO COUNSEL

We shall consider first whether the denial by the District Court of the Holliday, Rich, and Corsi motions for the assistance of court-appointed counsel as indigents charged with a misdemeanor punishable by imprisonment not in excess of one year was in violation of their constitutional rights under the sixth amendment to the Constitution of the United States and article I, sec. 10, of the constitution of Rhode Island. Basically, at least, defendants are arguing that the due process and equal protection clauses of the fourteenth amendment require that court-appointed counsel be furnished to assist an indigent defendant in any criminal prosecution that would result in a loss of liberty.

A leading case propounding the view that one accused of a criminal offense must under the sixth amendment be provided with counsel by the state if indigent is *Gideon* v.

*Wainwright,* 372 U. S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799. There the defendant, Gideon, had been charged with the commission of a felony and had requested that the court appoint counsel to assist him at his trial, he being unable to pay for such legal service. The trial court refused to appoint counsel, holding that under a local statute that right was afforded only to those charged with capital crimes. The Supreme Court overruled the trial court, holding that the sixth amendment guarantee to the assistance of counsel is a fundamental right and is essential to a fair trial under the due process requirements of the fourteenth amendment.

It is beyond question that *Gideon* made applicable to the states, by way of the fourteenth amendment, the sixth amendment right to the assistance of counsel in felony cases and that, where the defendant was indigent, the assistance of counsel must be furnished by the court. This decision makes it clear that the states are bound by the provisions of the sixth amendment to the Constitution of the United States as construed in *Gideon* and must thereunder provide counsel for indigent defendants who are charged with the commission of a felony.

We are of the opinion, and defendants appear to concede in their brief, that a state indigent misdemeanant's right to counsel provided by the state has not as yet received explicit constitutional recognition by the United States Supreme Court. We are confronted, then, with a situation in which misdemeanants charged with serious misdemeanors are seeking the appointment by the court of counsel to assist them in their defense against such prosecution. We reiterate that there has been no express requirement by the United States Supreme Court making applicable the assistance of counsel provisions of the sixth amendment to the states where prosecutions for misdemeanors are involved. The precise question before us, then, is whether

the provisions of sec. 10 of art. I of the constitution of this state guarantee an indigent misdemeanant the assistance of state-appointed counsel in his defense against such a charge.

The pertinent provisions of the sixth amendment provide that "In all criminal prosecutions the accused shall enjoy the right to a speedy and public trial * * * and to have the assistance of counsel for his defence." In art. I, sec. 10, of the state constitution the language is practically identical, reading: "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial * * * to have the assistance of counsel in his defence, and shall be at liberty to speak for himself * * *."

We do not perceive that the requirements of the constitutional provisions set out in the sixth amendment are any more rigorous than those set out in the constitution of this state or that our constitutional provision does not require us to provide the assistance of court-appointed counsel in the case of indigents charged with the commission of a felony. The mandate of art. I, sec. 10, is as clear and imperative as is the mandate of the sixth amendment. Section 10 has clearly required all that is set out in *Gideon* as being required by the sixth amendment, and we now extend the guarantee of art. I, sec. 10, to indigent misdemeanants. They are entitled, in our opinion, to court-appointed counsel in such cases unless it is expressly and intelligently waived. *Johnson* v. *Zerbst,* 304 U. S. 458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461, 1466.

In so doing, it is sufficient for us to say that we agree fully with and accept the reasoning of the Supreme Court in *Gideon.* There the Court, speaking through Mr. Justice Black, pointed out that reason requires a recognition that in our adversary system of criminal justice any person who is brought into court to be tried on a criminal charge who is too poor to hire a lawyer cannot be assured of a fair trial

unless counsel is provided for him. Mr. Justice Black said at 344, 83 S.Ct. at 796, 9 L.Ed.2d at 805: "The right of one charged with crime to counsel may not be deemed fundamental and essential to fair trials in some countries, but it is in ours. From the very beginning, our state and national constitutions and laws have laid great emphasis on procedural and substantive safeguards designed to assure fair trials before impartial tribunals in which every defendant stands equal before the law. This noble ideal cannot be realized if the poor man charged with crime has to face his accusers without a lawyer to assist him." There is, in our opinion, no sound reason why this view should not be applied to indigents charged with serious misdemeanors as well as those charged with felonies.

Both state and federal courts in many cases have stated in lucid terms sound reasons for an extension of the principle set forth in *Gideon* to require providing the assistance of counsel by the state to cases involving indigent misdemeanants. See *Newell* v. *State* (Me.) 277 A.2d 731. This court can add little to the persuasive force of the statements of these courts, and we freely state our agreement with the principle. We will not extend this opinion unnecessarily by quoting at length from these many sound and well-reasoned opinions.

We want to emphasize, however, that we are not here deciding to extend the guarantee of sec. 10 of art. I to indigents charged with the commission of petty offenses. For the purposes of clarity we consider a petty offense to be one in which the accused could not be subject to the imposition of a penalty in excess of six months' imprisonment. In *Baldwin* v. *New York*, 399 U. S. 66, 69, 90 S.Ct. 1886, 1888, 26 L.Ed.2d 437, 440, the Court, in considering the right of petty offenders to be afforded a trial by jury, said: "* * * we have concluded that no offense can be deemed 'petty' for purposes of the right to trial by jury

where imprisonment for more than six months is authorized." The Court went on further to say that "Where the accused cannot possibly face more than six months' imprisonment, we have held that these disadvantages, onerous though they may be, may be outweighed by the benefits which result from speedy and inexpensive nonjury adjudications." *Id.* at 73, 90 S.Ct. at 1890, 26 L.Ed.2d at 443. Applying by analogy the reasoning stated in *Baldwin,* we are not prepared to extend the right to the assistance of state-furnished counsel to those being tried for petty offenses, that is, for offenses wherein imprisonment of more than six months cannot be imposed.

We think it is entirely reasonable to conclude that the state has a legitimate interest in the efficient and inexpensive disposition of petty criminal cases and that the constitutional provision contained in our state constitution, art. I, sec. 10, does not contemplate imposing upon the state an unreasonable and onerous burden in accomplishing the disposition of such petty offense cases.

The defendants contend that the constitutional guarantee of the assistance of court-appointed counsel for indigents should be made applicable in any case where the offense charged could result in the indigents being imprisoned, however short the term thereof. We reject this contention.

In this respect we note with interest that the Supreme Court of the United States, in promulgating on January 27, 1971, "Rules of Procedure for the Trial of Minor Offenses before United States Magistrates" pursuant to §302(b) of the Federal Magistrates Act, which amends §3402 of Title 18, United States Code, seems to indicate that misdemeanants appearing before the federal magistrates must be advised that they will be furnished with the assistance of counsel if they cannot afford one, while those accused of petty offenses, when so appearing, are to

be informed only of their right to have counsel present. We concur in the general opinion that the distinction set out in these Rules of Procedure is definitely suggestive of how far the Court thinks it should extend the decision in *Gideon* v. *Wainwright, supra,* giving all defendants in felony cases the right to counsel.[1] We, therefore, conclude that defendants, Holliday, Rich, and Corsi, are, if indigent, entitled to the assistance of counsel provided by the state.

## JURY TRIAL

We turn, then, to consider the contention of all four defendants that the refusal of the trial justice to grant them jury trials in the District Court violated their constitutional right to a jury trial as guaranteed by the sixth amendment to the Constitution of the United States. While defendants couch their motion in terms requesting a jury trial in the District Court, they are contending, as we understand them, that anyone charged with any criminal offense is entitled under the Constitution to have his guilt or innocence determined by a jury in the first instance.

There is no doubt that the guarantee of the sixth amendment to the right to a trial by jury has been made applicable to the states by the due process clause of the fourteenth amendment. "In *Duncan* v. *Louisiana,* 391 U. S. 145 (1968), we held that the Sixth Amendment, as applied to

---

[1]"Rule 2. *Minor Offenses Other than Petty Offenses*
* * *

(b) Appearance. Upon the defendant's appearance, the magistrate shall inform him of the complaint or information against him and of any affidavit filed therewith, *of his right to retain counsel, of his right to request the assignment of counsel if he is unable to obtain counsel,* and the general circumstances under which he may secure pretrial release. * * *

"Rule 3. *Petty Offenses*
* * *

(b) Consent; Arraignment. The magistrate shall state to the defendant the charge against him and *shall inform the defendant of his right to counsel and to a trial in the district court. * * *"* (Italics ours.)

the States through the Fourteenth, requires that defendants accused of serious crimes be afforded the right to trial by jury. We also reaffirmed the long-established view that so-called 'petty offenses' may be tried without a jury." *Baldwin* v. *New York, supra,* at 68, 90 S.Ct. at 1887, 26 L.Ed.2d at 440. In *Duncan* v. *Louisiana,* 391 U. S. 145, 156, 88 S.Ct. 1444, 1451, 20 L.Ed.2d 491, 500, the Court said: "The deep commitment of the Nation to the right of jury trial in serious criminal cases as a defense against arbitrary law enforcement qualifies for protection under the Due Process Clause of the Fourteenth Amendment, and must therefore be respected by the States."

In *Callan* v. *Wilson,* 127 U. S. 540, 8 S.Ct. 1301, 32 L.Ed. 223, the United States Supreme Court held that to accord to an accused the right to be tried by a jury in an appellate court only after he has been fully tried otherwise than by a jury in a court of original jurisdiction does not satisfy the requirements of the sixth amendment to the United States Constitution. In *Baldwin* the Court cited *Callan* for the proposition that the sixth amendment right to a jury trial does not apply only to felonies or offenses punishable by confinement in a penitentiary. The Court said at 70, 90 S.Ct. at 1889, 26 L.Ed.2d at 441: "It embraces as well some classes of misdemeanors, the punishment of which involves or may involve the deprivation of the liberty of the citizen."

On the other hand, in *Duncan* the only reference to the *Callan* case is contained in footnote 30, 391 U. S. at 158, 88 S.Ct. at 1452, 20 L.Ed.2d at 501. There the Court referred to the actual proposition decided in *Callan,* which barred, as a violation of the sixth amendment guarantees, "* * * procedures by which crimes subject to the Sixth Amendment jury trial provision are tried in the first instance without a jury but at the first appellate stage by *de novo* trial with a jury * * *." However, the footnote

is rendered ambiguous by the Court's subsequent reference in the footnote, 391 U. S. at 159, 88 S.Ct. at 1452, 20 L.Ed.2d at 501, where it said without any indication of approval or rejection: "However 10 States authorize first-stage trials without juries for crimes carrying lengthy penalties; these States give a convicted defendant the right to a *de novo* trial before a jury in a different court."

Nevertheless, it is our opinion that the Supreme Court in *Duncan* and *Baldwin* declared that all rights accruing under the sixth amendment with respect to a jury trial in the federal courts are made applicable to the states by the fourteenth amendment and that, therefore, the mandate of *Callan* is applicable to the states and that any procedures which deny one accused of a serious misdemeanor a jury trial in the first instance do not satisfy the requirements of the sixth amendment. We cannot agree, then, that the footnote above quoted constitutes an approval of the practice of certain states, including Rhode Island, to try such serious misdemeanants in first-stage trials without a jury, giving one so charged a jury trial only by way of appeal after conviction and sentence.

We are constrained, then, to conclude that the sixth amendment guarantee of a jury trial is applicable to the states and extends to those being prosecuted for serious misdemeanors but not to those being prosecuted for petty offenses. We hold, then, that those charged with misdemeanors that could result, upon conviction, in the imposition of a sentence of more than six months are entitled to a speedy and prompt trial by an impartial jury in the first instance.

The constitutional right to a speedy trial by a jury contemplates that the accused shall be entitled to be tried by a jury at the time he is initially subjected to judicial process which could subject him to a loss of liberty by imprisonment in excess of a period of six months. The Constitution

**104**

contemplates a jury trial afforded the accused under court procedures or judicial practices which operate neither to unduly burden nor impede his attainment thereof by requiring that as a condition precedent to a jury trial he first stand trial in a judicial proceeding without a jury, be found guilty and sentenced. It is our conclusion, then, that the practice in this state requiring a misdemeanant to be tried without a jury, convicted, and sentenced before he may, by resorting to an appellate procedure, obtain a jury trial de novo in the Superior Court is violative of the constitutional right to a trial by jury.[2]

Because we conclude that those charged with serious misdemeanors are constitutionally entitled to a jury trial in the first instance, we deem it necessary, pending appropriate action by the General Assembly, to provide for such a jury trial if it is not expressly waived by the accused. Therefore, after the date of this opinion whenever a defendant is arraigned in the District Court charged with a misdemeanor which, upon conviction, could result in the imposition of a sentence of imprisonment for a term in excess of six months, the District Court shall fully advise such defendant that he may elect to exercise his right to a jury trial in the first instance or that he may within 10 days after arraignment file with the clerk of the District Court a waiver in writing of such a right to a jury trial in the first instance.

Whenever such defendant shall fail to file such a waiver in writing within 10 days after arraignment, he shall be deemed to have elected to claim his right to a jury trial in the first instance and to have waived whatsoever rights he might have to a trial in the District Court by a justice thereof sitting without a jury or to any right to appeal from

---

[2]To whatever extent *Mathewson* v. *Ham*, 21 R. I. 311, 43 A. 848; *State* v. *Nolan*, 15 R. I. 529, 10 A. 481, and *In re Liquors of McSoley*, 15 R. I. 608, 10 A. 659, are contrary to our holding here they are overruled.

a sentence of the District Court to the Superior Court pursuant to the provisions of G. L. 1956 (1969 Reenactment) §12-22-1. In such circumstances the clerk of the division of the District Court in which said defendant was arraigned shall transmit forthwith the record of the case to the clerk of the Superior Court for the county in which the offense was alleged to have been committed, and the latter officer shall cause the case to be docketed on the appropriate jury trial calendar.

In the event, however, that such a defendant shall within 10 days after his arraignment waive in writing his right to a jury trial in the first instance, he shall thereafter be tried on such charges as were brought against him by a justice of the District Court sitting without a jury and, if he be found guilty and sentenced therefor, he may prosecute an appeal to the Superior Court pursuant to the provisions of said §12-22-1.

We turn to consider the procedure to be followed when a defendant is arraigned in the District Court charged with a petty offense, that is, an offense which, upon conviction, could result in the imposition of a sentence of imprisonment for a term of not more than six months. As we have already held, such a defendant is not constitutionally entitled to a jury trial. However, it is within the power of the Legislature to give such a defendant a jury trial even though not constitutionally required to do so. Therefore, such defendant shall be tried in the District Court by a justice thereof sitting without a jury, and if he be found guilty and sentence is imposed, he may then prosecute an appeal to the Superior Court pursuant to the provisions of §12-22-1.

In each case the petition for certiorari is granted, the decision of the District Court is quashed, and the record in each case is to be remitted to the District Court for further proceedings in accordance with this opinion.

106

*Richard J. Israel,* Attorney General, *Donald P. Ryan,* Asst. Attorney General, for plaintiff.

Attorneys for Defendants:

*Cary J. Coen,* Rhode Island Legal Services, Inc., *Stanley A. Bass,* for Frederick Holliday and Shirlee Rich.

*Adler, Pollock & Sheehan, Peter Lawson Kennedy,* for Angelo Marinosci.

*Following Amici Curiae:*

*Salvatore L. Virgadamo, Peter O. Grimes, Ira L. Schreiber, Milton Stanzler, Henry M. Swan, Anthony Grilli, Jr.,* and *William P. Thornton, Jr.*