342 A.2d 256.

STATE *vs.* STEPHEN J. GILL.

JULY 21, 1975.

PRESENT: Roberts, C. J., Paolino, Joslin, Kelleher and Doris, JJ.

PAOLINO, J. This case is before us pursuant to G. L. 1956 (1969 Reenactment) §9-24-27 on certification from the District Court of a question of doubt and importance, namely:[1]

> "Whether the equal protection clause of the Fourteenth Amendment to the United States Constitution mandates that the State provide a stenographer and transcript without cost to indigent defendants in criminal trials in the District Court for the State of Rhode Island."

For the reasons that follow, we answer this question in the negative.

On February 6, 1973, criminal charges were preferred

---

[1]This question was certified by a judge of the Sixth Division of the District Court on May 16, 1974.

against Stephen J. Gill arising out of his alleged operation of a motor vehicle on December 29, 1972.[2] Subsequent to his arraignment, counsel was appointed to represent Mr. Gill, who was found to be an indigent person.

On January 10, 1974, defendant filed a motion requesting that the state provide stenographic services and, if necessary, a free transcript to defendant on the grounds that such were necessary to the effective preparation of his case in the event the matter were eventually to be tried in the Superior Court, and that the equal protection clause of the fourteenth amendment mandated that defendant have the same opportunity as affluent defendants to preserve testimony for use at the Superior Court level.

After hearing thereon, the trial justice denied defendant's motion and certified the instant question to this court.

Before discussing the substantive constitutional issue before us, we feel it is important to note certain facts and procedures.

The criminal offenses charged against defendant are all misdemeanors, in each case punishable by a fine not exceeding $500 or by imprisonment not exceeding 1 year, or both, and pursuant to G. L. 1956 (1969 Reenactment) §12-3-1, as amended by P. L. 1969, ch. 239, §14, represent offenses over which the District Court has original jurisdiction with power to try, render judgment, and pass sentence in accordance with the law.

In our District Court proceedings, no jury is available, no court stenographer is employed, and no official stenographic record is kept of the proceedings therein. Since no statute or court rule controls use of private steno-

---

[2]Specifically, defendant was charged with violating G. L. 1956 (1968 Reenactment) §31-8-2, as amended by P. L. 1971, ch. 101, §1, and §31-26-5. These are motor vehicle violations which include failure to obtain proper vehicle registration, and leaving the scene of an accident.

graphic services in the District Court, the use of such when paid for by the accused and utilized to record the proceedings is discretionary with each District Court judge. Certain judges permit the practice, while others do not.

Pursuant to G. L. 1956 (1969 Reenactment) §12-22-1, as amended by P. L. 1969, ch. 239, §29, every person aggrieved by a sentence of the District Court for any offense may, within 5 days after such sentence, appeal therefrom to the Superior Court by claiming an appeal in the court appealed from. In the Superior Court a stenographic record is kept and is available to any defendant.

The availability of a hearing in the Superior Court is not solely limited to the procedure described above. In accordance with the procedures we set forth in *State* v. *Holliday*, 109 R. I. 93, 280 A.2d 333 (1971), any defendant may either exercise his right to a jury trial (including stenographic services and record) in the first instance or elect to waive that right and have his case initially tried in the District Court.

Lastly, it is important to note that the "appeal" from the District Court to the Superior Court claimed in accordance with §12-22-1 results in a trial *de novo* in the Superior Court. As such, to label the proceeding as an "appeal" is something of a misnomer, since it is not an appeal in the typical sense of an appellate review of claimed errors below, but an entirely new proceeding involving the continued presumption of innocence for the accused and the resulting burden upon the state to prove guilt beyond a reasonable doubt.

We shall now address ourselves to defendant's contentions that the state of Rhode Island is constitutionally mandated to provide free stenographic services and transcripts to indigent defendants in criminal trials in the District Courts. He attempts to base his claim on the line

of United States Supreme Court decisions involving a defendant's right to transcripts, commencing with *Griffin* v. *Illinois*, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956).[3] *Griffin* and its progeny, however, are neither applicable to the instant matter nor authority for the defendant's contention.

The *Griffin* decision involved an Illinois practice wherein full appellate review could only be had by the furnishing of a bill of exceptions or report of the trial proceedings below. The Supreme Court, noting that the preparation of these documents was sometimes impossible without a stenographic record, and also noting that only those indigent defendants sentenced to death were furnished with a transcript without cost, held in a five to four decision that the due process and equal protection clauses of the fourteenth amendment mandated that all indigent defendants be furnished with a transcript.

The distinction between the *Griffin* case and the case at bar is patently clear on factual, procedural and substantive grounds. The *Griffin* case concerned appellate review as a means to correct errors of a prior adjudication, as distinguished from the trial *de novo* which will be granted to the present defendant in the event of a conviction and subsequent appeal to our Superior Court. As was stated earlier no rule or statute controls the taking of stenographic notes in our District Court by any party, while *Griffin* concerned the discriminatory practice of providing free transcripts to only a narrowly defined class of indigent defendants, namely, those facing capital sentences.

The defendant has erroneously presented in support of

[3]*See also Britt* v. *North Carolina,* 404 U. S. 226, 92 S.Ct. 431, 30 L.Ed.2d 400 (1971); *Roberts* v. *Lavallee,* 389 U. S. 40, 88 S.Ct. 194, 19 L.Ed.2d 41 (1967); *Swenson* v. *Bosler,* 386 U. S. 258, 87 S.Ct. 996, 18 L.Ed.2d 33 (1967); *Burns* v. *Ohio,* 360 U. S. 252, 79 S.Ct. 1164, 3 L.Ed.2d 1209 (1959).

his contentions the Massachusetts case *Blazo* v. *Superior Court,* Mass. , 315 N.E.2d 857 (1974). The *Blazo* decision involved the availability of transcripts to indigent defendants in the Massachusetts Superior Court, from which the only appeal is by way of a bill of exceptions to a Massachusetts appellate court. In the analogous situation in Rhode Island, that is, in an appeal from our Superior Court to this court, an indigent is indeed given the benefit of the stenographic record, and the Superior Court proceedings are all recorded by a stenographer. *See* G. L. 1956 (1969 Reenactment) §8-5-5, as amended by P. L. 1972, ch. 29, §1; *Griffin* v. *Illinois, supra.*

We direct defendant to another Massachusetts decision, *Commonwealth* v. *Britt,* 362 Mass. 325, 285 N.E.2d 780 (1972), where the Supreme Judicial Court of Massachusetts held that there was no constitutional right to a record of District Proceedings:

"But we think there is a valid distinction between the situation where a State records the proceedings in the first instance and makes the transcripts available to the defendants who can afford them, and the situation where the State merely allows a defendant to record the proceedings for himself. Once a State has appropriated funds to pay stenographers, has committed itself to record the proceedings, and has made transcripts available for a price, there is an obvious denial of equal protection if distribution of transcripts is restricted to defendants with sufficient means. But where no such commitment has been made, all defendants are treated alike and there is no denial of equal protection." *Id.* at 331, 285 N.E.2d at 784.

Additionally, the Illinois state court, since the United States Supreme Court decision in the *Griffin* case, has addressed the issue of furnishing preliminary transcripts to an indigent where no stenographic record is made, and has held that such a requirement is not constitutionally

compelled by the *Griffin* case. *People* v. *Hubbard,* 107 Ill. App.2d 79, 246 N.E.2d 44 (1969); *see People* v. *Patterson,* 131 Ill. App.2d 342, 268 N.E.2d 514 (1971).

We find that defendant, in attempting to secure these additional services and materials, is in substance attacking the *quality* of the appellate review available to an indigent defendant, and not the *availability* of review. There is no dispute that an indigent defendant is granted an appeal, *de novo,* to the Superior Court, without costs as a matter of right. Thus, because defendant has full access to the courts, his reliance on *Griffin,* which dealt with a defendant's lack of availability of substantive appellate review without the benefit of a necessary transcript, is misplaced. To this court, it is clear that fourteenth amendment equality does not require that, in this instance, a stenographer be present and a transcript furnished simply because such assistance would be helpful for better preparation of the trial *de novo. But cf. Comment,* 55 Mich. L. Rev. 413 (1957) dealing with right to counsel on appeal. *See also Note,* 1959 Duke L.J. 484 (1959).

This court is cognizant of the fact that an indigent, by reason of his poverty, may find himself at a disadvantage when measured against the affluent accused, who may not only retain private stenographic services, but may also receive more expert legal advice, investigatory services, and the like to serve his defense. But we agree with Mr. Justice Frankfurter, who stated in his concurring opinion in *Griffin* v. *Illinois, supra* at 23, 76 S.Ct. at 592-93, 100 L.Ed. at 901:

> "Law addresses itself to actualities. It does not face actuality to suggest that Illinois affords every convicted person, financially competent or not, the opportunity to take an appeal, and that it is not Illinois that is responsible for disparity in material circumstances. Of course a State need not equalize economic conditions. A man of means may be able

to afford the retention of an expensive, able counsel not within reach of a poor man's purse. Those are contingencies of life which are hardly within the power, let alone the duty, of a State to correct or cushion."

For the reasons stated herein, we hold that the equal protection clause of the fourteenth amendment of the United States Constitution does not mandate that the state of Rhode Island provide a stenographer and transcript without cost to indigent defendants in criminal trials in the District Courts of our state.

The case is remitted with our decision to the Sixth Division of the District Court for further proceedings.

*Julius C. Michaelson,* Attorney General, *William G. Brody,* Special Asst. Attorney General, for plaintiff.

*Stephen J. Fortunato, Jr., McKinnon & Fortunato,* for defendant.