## STATE
### v.
### Alexander AVILA and William Paine.
### No. 79–476–M.P.

Supreme Court of Rhode Island.

June 6, 1980.

Dennis J. Roberts, II, Atty. Gen., Stephen Lichatin, III, Sp. Asst. Atty. Gen., Chief, App. Div., Providence, for plaintiff-respondent.

McOsker, Isserlis & Davignon, Milton L. Isserlis, Michael Fitzpatrick, Providence, for defendants-petitioners.

## OPINION

MURRAY, Justice.

Alexander Avila (Avila) and William Paine (Paine), defendants in criminal proceedings, filed a petition for certiorari seeking review of an interlocutory order of the Superior Court which denied their motions for a jury trial. We issued the writ and now have the pertinent records before us.

The charges against Avila and Paine arose from their alleged involvement in an altercation with several off-duty police officers. As a result of the confrontation, two police officers were injured and they filed complaints that named Avila and Paine as their assailants. The state subsequently

charged Avila and Paine with assault and battery in violation of G.L.1956 (1969 Reenactment) § 11–5–3, an offense that authorizes a maximum penalty on conviction of one year's imprisonment, a fine of $500., or both. After trial before a justice of the District Court, Avila and Paine were each convicted and fined $100.

The defendants filed timely appeals from that judgment pursuant to G.L.1956 (1969 Reenactment) § 12–22–1, as amended by P.L.1976, ch. 173, § 5.[1] In their respective notices of appeal, Avila and Paine each claimed a trial by jury in the Superior Court. During a pretrial conference, a Superior Court justice indicated that he would strike the jury claim from the notices of appeal. In response, Avila and Paine each filed a formal motion requesting a jury trial. The trial justice denied their motions after a hearing. The defendants then petitioned this court for a writ of certiorari. We issued the writ to review denial of their motions for a jury trial. *State v. Avila*, R.I., 412 A.2d 249 (1979).

Ordinarily, the District Court exercises original jurisdiction over offenses that authorize a maximum penalty on conviction of no more than one year's imprisonment, a fine of $500., or both. General Laws 1956 (1969 Reenactment) § 12–3–1, as amended by P.L.1976, ch. 173, § 3.[2] All trials in the District Court are conducted by a justice sitting without a jury. In *Duncan v. Louisiana*, 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491 (1968), however, the Supreme Court ruled that the United States Constitution guarantees an accused's right to trial by jury in criminal prosecutions involving "non-petty" offenses. The Court subsequently ruled in *Baldwin v. New York*, 399 U.S. 66, 69, 90 S.Ct. 1886, 1888, 26 L.Ed.2d 437, 440 (1970), that offenses cannot be deemed "petty" for purposes of the right to trial by jury, if they authorize a penalty of more than six months' imprisonment.

In *State v. Holliday*, 109 R.I. 93, 280 A.2d 333 (1971), this court applied the ruling of *Baldwin v. New York* and determined that persons accused of "non-petty" offenses could bypass trial in the District Court and proceed directly to the Superior Court for trial by jury. We ruled, moreover, that transfer to the Superior Court would occur automatically unless within ten days of arraignment an accused waived in writing his right to a jury trial in the first instance. *State v. Holliday*, 109 R.I. at 104, 280 A.2d at 339. Such a waiver does not affect the right of a person convicted in the District Court to appeal to the Superior Court pursuant to § 12–22–1. *Id.* at 105, 280 A.2d at 339.

It is clear in light of *Baldwin v. New York* that Avila and Paine were each charged with a "non-petty" offense and were therefore entitled to a Superior Court jury trial in the first instance. *State v. Holliday, supra.* They elected instead to waive that right and to proceed to trial in

1. General Laws 1956 (1969 Reenactment) § 12–22–1, as amended by P.L.1976, ch. 173, § 5, provides that

"Every person aggrieved by the sentence of the district court for any offense other than a violation may, within five (5) days after such sentence appeal therefrom to the superior court for the county in which the division of the district court is situated, by claiming an appeal in the court or in the office of the clerk of the court appealed from or at any of the penal institutions of the state, before any justice of the supreme or superior court, or before a justice clerk of the court appealed from, or before any of the persons authorized to take bail at said penal institutions."

2. General Laws 1956 (1969 Reenactment) § 12–3–1, as amended by P.L.1976, ch. 173, § 3, provides that

"The district court shall have jurisdiction and cognizance of all crimes, offenses, misdemeanors, and violations, including offenses against town or city ordinances, if no special court exists or is created by charter or law for that purpose, done or committed within the division in which it is situated, punishable by a fine not exceeding five hundred dollars ($500) or by imprisonment not exceeding one (1) year, or both, and of all other criminal matters which are or shall be declared specially to be within the jurisdiction of such court by the laws of the state, which shall legally be brought before such court, with power to try, render judgment, pass sentence and award a warrant for execution thereof."

the District Court where they were each convicted and fined $100.

In their subsequent appeals to the Superior Court, the trial justice relied on *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969) and *Cournoyer v. Sharkey*, 107 R.I. 373, 378, 267 A.2d 722, 725 (1970) (quoting from *North Carolina v. Pearce, supra* ) to deny defendants' jury-trial requests. In *Pearce*, the Supreme Court ruled that following an appeal and retrial resulting in a conviction, the Due Process Clause of the Fourteenth Amendment prohibited imposition of a sentence more severe than that imposed in the first proceeding, absent express findings by the sentencing justice to support a greater penalty. *North Carolina v. Pearce*, 395 U.S. at 725–26, 89 S.Ct. at 2080–81, 23 L.Ed.2d at 669–70. Based on that ruling in *Pearce*, the trial justice stated that in an appeal from the District Court he could not constitutionally impose a more severe sentence after trial *de novo* in the Superior Court.

Applying that reasoning to defendants' case, he concluded that the maximum penalty he could impose upon conviction in the Superior Court was a fine of $100. He then determined in light of *Baldwin v. New York* and *State v. Holliday*, both *supra*, that defendants' alleged violations of § 11–5–3 constituted "petty" offenses and that trial without a jury would not deprive defendants of a constitutional right.

The state contends that the trial justice properly relied on *Pearce* in his decision to deny Avila and Paine a jury trial. We observe, however, that the "appeal" authorized by § 12–22–1 is actually a trial *de novo* in the Superior Court, *State v. Gill*, 115 R.I. 160, 162, 342 A.2d 256, 257 (1975); it is not an appellate proceeding to review a judgment of the District Court. *State v.*

*McGuire*, 90 R.I. 301, 157 A.2d 657 (1960). Thus in Rhode Island, the Legislature has enacted a "two-tiered" procedure for prosecution of persons alleged to have committed offenses of the class described in § 12–3–1.[3] See *Ludwig v. Massachusetts*, 427 U.S. 618, 96 S.Ct. 2781, 49 L.Ed.2d 732 (1976); *Colten v. Kentucky*, 407 U.S. 104, 92 S.Ct. 1953, 32 L.Ed.2d 584 (1972). In light of the circumstances before it, the Supreme Court ruled in *Colten v. Kentucky* that the Fourteenth Amendment did not impose the strictures announced in *Pearce* to sentencing after trial *de novo* in the second tier. See *Ludwig v. Massachusetts, supra.* Faced with *Ludwig v. Massachusetts*, and *Colten v. Kentucky*, the state concedes that under the Federal Constitution, *Pearce* does not apply to imposition of sentence after a trial *de novo* in the second tier.[4]

The state, however, urges us to incorporate the due-process reasoning of *Pearce* into R.I.Const., art. I, sec. 10, and apply it to trials *de novo* in the Superior Court. We do not address that contention because *Pearce* simply is irrelevant to the question of defendants' right to a jury trial. Contrary to the state's assertions, application of the principles announced in *Pearce* would not bar imposition of a more severe sentence after trial *de novo*. Rather, *Pearce* would require only that a trial justice affirmatively declare his reasons for imposing a more severe sentence. *North Carolina v. Pearce*, 395 U.S. at 726, 89 S.Ct. at 2081, 23 L.Ed.2d at 670. See *Cournoyer v. Sharkey, supra.* We therefore need express no opinion with respect to whether R.I.Const., art. I, sec. 10 would require application of the principles announced in *Pearce* to sentences imposed after trials *de novo* in the Superior Court.

▪▪ Thus, the Superior Court possesses the power to impose a sentence after trial

---

**3.** See note 2, *supra.* We note, however, that G.L.1956 (1969 Reenactment) § 12–22–1, specifically excepts violations from the class of offenses appealable from the District Court to the Superior Court.

**4.** We venture no opinion concerning the state's conclusion that in light of *Ludwig v. Massachusetts*, 427 U.S. 618, 96 S.Ct. 2781, 49 L.Ed.2d

732 (1976) and *Colten v. Kentucky*, 407 U.S. 104, 92 S.Ct. 1953, 32 L.Ed.2d 584 (1972), the requirements of *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969) would not apply under the Due Process Clause of the Fourteenth Amendment to sentencing in the second tier of the Rhode Island scheme of prosecution.

*de novo* more severe than that imposed by the District Court. In light of that power, we must refer to the maximum penalty authorized by § 11–5–3 to determine whether Avila and Paine have a constitutional right to a jury trial. The maximum penalty of one year's imprisonment clearly identified § 11–5–3 as a "non-petty" offense within the meaning of *Baldwin v. New York, supra.* Avila and Paine are thus entitled under *Baldwin v. New York* to a jury trial in the Superior Court.

The defendants' petition for certiorari is granted and the record certified to this court ordered returned with our direction to reinstate the defendants' claim for a jury trial in the Superior Court.