DECISION
Before this Court is a motion brought by the State of Rhode Island (State) to dismiss the appeal of the defendant, Omerya Toribio (defendant). The defendant entered a plea of nolo contendere to a charge of Operating a Motor Vehicle on a Suspended License, R.I.G.L. § 31-11-18 in Sixth Division District Court and subsequently was fined $250.00. Thereafter, the defendant appealed the case to this Court for a trial de novo
pursuant to R.I.G.L. § 12-22-1. The State brings this Super. R. Crim. Proc. 12 (b)(1) motion to dismiss the appeal.
Facts/Travel
On September 12, 1995, the defendant was arraigned in Sixth Division District Court on a charge of Operating a Motor Vehicle on a Suspended License, R.I.G.L. § 31-11-18. Pursuant to the terms of the statute, a person convicted of violating the statute is guilty of a misdemeanor. At the arraignment, defendant, who was represented by counsel, elected to proceed with the case in District Court rather than transfer it to Superior Court for a jury trial in the first instance. Accordingly, the defendant was provided a "Waiver of Right to Jury Trial" form which she read and then signed. The matter was assigned a pre-trial conference date, September 26, 1995.
At the scheduled conference, defendant, after consulting with her attorney, entered into a plea agreement with the State's Attorney General's Office. Pursuant to the terms of the agreement, defendant agreed to enter a plea of nolo contendere to the charge in return for a fine of $250.00 with no further loss of license. The matter was then scheduled for sentencing on November 7, 1995.
At the scheduled sentencing date, however, the defendant motioned the court to reassign the matter. Thereafter, the matter reappeared on the November 21, 1995 trial calendar, at which time the District Court judge imposed the agreed upon sentence. Three days later, counsel for the defendant filed an appeal pursuant to R.I.G.L. § 12-22-1 and District Court Rule of Criminal Procedure 37 (Rule 37), requesting a jury trial in the Superior Court. The matter was then transferred to Superior Court for further proceedings.
The State filed the instant motion to dismiss the case. In support of its motion, the State argues a plea of nolo contendere cannot be withdrawn and an appeal cannot be made from a case where the matter has been filed pursuant to R.I.G.L. § 12-22-1. Alternately, the defendant contends her appeal is specifically authorized by R.I.G.L. § 12-22-1 and Rule 37. No new evidence has been presented in conjunction with this motion.
Motion to Dismiss
Superior Court Rule of Criminal Procedure 12 Section (b)(1) states "any defense or objection which is capable of determination without the trial of the general issue may be raised before the trial by motion." In ruling on a motion to dismiss, the trial justice must allow the non-moving party every reasonable inference. See State v. Jenson, 442 A.2d 886, 875, 876 (R.I. 1982). Accordingly, the State bears the burden of demonstrating that the defendant is prohibited from proceeding with the instant appeal.
A. Withdrawal of a Plea
In support of its position, the State first argues a plea of nolo contendere cannot be withdrawn. More specifically, the State asserts that by filing an appeal in the instant case, the defendant is essentially withdrawing her nolo contendere plea. The State maintains District Court Rule of Criminal Procedure 32(d) prohibits such a withdrawal after a sentence has been imposed. Alternately, the defendant argues that there is no statutory prohibition which would prevent her from filing the instant appeal to Superior Court pursuant to Rule 37 and R.I.G.L. § 12-22-1.
District Court Rule of Criminal Procedure 32(d) addresses the withdrawal of pleas:
 "A motion to withdraw a plea of guilty or nolo contendere may be made only before sentence is imposed or imposition of a sentence is suspended."
Consequently, the State correctly asserts defendant, already having had her sentence imposed, is precluded from motioning the; court for a withdrawal of her plea. Defendant's appeal to Superior Court, however, is not the equivalent of motioning the court for a withdrawal of her plea. Rather, the appeal is a separate procedure specifically authorized by R.I.G.L. § 12-22-1
and Rule 37:
 "A defendant aggrieved by a sentence of the District Court may appeal therefrom to the Superior Court for the county in which the division of the District Court is situated. The appeal may be claimed by giving oral or written notice of appeal in open court or by filing a written notice of appeal . . within five (5) days of the imposition of the sentence appealed from."
Id. Accordingly, the issue of whether a plea may or may not be withdrawn subsequent to the imposition of a sentence is inapposite to the disposition of this motion.
B. Appeal from a Plea
The State next argues an appeal cannot be made from a case where the matter has been filed pursuant to R.I.G.L. § 12-22-1. The State maintains an appeal is not permitted after a plea has been entered. In support of its argument, the State cites State v.Williams, 122 R.I. 32, 404 A.2d 814 (1979) and State v. Fang,421 A.2d 1258 (R.I. 1980). Both cases specifically state that an appeal from a plea in Superior Court will not lie in Supreme Court. In both actions, the appeals were treated as applications for post- conviction relief because Superior Court Rule of Criminal Procedure 32(d) does not provide for an appeal after a plea. The State urges this Court to extend the same interpretation to District Court Rule 32(d).
"A defendant who pleads guilty waives the right to trial by jury, the presumption of innocence, the state's burden to prove her guilty beyond a reasonable doubt, the privilege against self-incrimination, the right to confront and cross-examine her accusers, the right to testify and call witnesses in her defense, and her right to appeal her conviction to this [Supreme] court."State v. DePasquale, 413 A.2d 101, 103 (R.I. 1980) (quotingWilliams at 37, 404 A.2d at 818.) The "appeal" authorized by R.I.G.L. § 12-22-1, however, is actually a trial de novo in the Superior Court and not an appellate proceeding to review a judgement of the District Court. State v. Avila, 415 A.2d 180, 182 (R.I. 1980, and cases cited therein. There is no counterpart to this rule in the Superior Court Rules of Criminal Procedure. Rather, R.I.G.L. § 12-22-1 and Rule 37 establish a "two-tiered" procedure for prosecuting a person alleged to have committed "non-petty" offenses enacted by the Rhode Island Legislature. Id.
Extending the same interpretation of Superior Court Rule 32(d), as suggested by the State, would be therefore inappropriate.
Furthermore, it should be noted the waiver form signed by the defendant specifically states that while the waiver "gives up my right to an immediate transfer of my case to the superior court for jury trial," if the defendant is found guilty and sentenced in district court, the defendant still has his/her "right to appeal to the Superior Court for a jury trial."
C. Right to a Jury Trial
Lastly, the State cites State v. Holliday, 109 R.I. 93,280 A.2d 333 (1971) in support of its proposition that by waiving jury trial in the first instance and entering a plea in District Court, the defendant has waived her right to appeal the matter to Superior Court. The State maintains the holding in the Holliday
decision indicates that by signing a waiver within ten days of the arraignment, the defendant can no longer claim the right to a jury trial. The State argues that this District Court action would act as a final adjudication of the matter and the sentence as agreed upon by the parties must stand. Alternately, the defendant asserts that she is constitutionally entitled to a jury trial and no statute precludes her from entering a plea in District Court and later appealing the same to the Superior Court.
Under the guarantees of the Sixth Amendment, as made applicable to the states by the Fourteenth Amendment, and Article I Section 15 of the Rhode Island Constitution, a defendant charged with a non-petty offense is entitled to a jury trial in the first instance unless expressly waived by the accused.Holliday at 104, 280 A.2d at 339.[1] The procedures for implementing this right are contained in District Court Rule 23, which provides
 "A defendant who is charged with an offense which is punishable by imprisonment for a term of more than six (6) months shall be advised by the Court, at the time of the defendant's initial appearance, that the defendant has a right to trial by jury in the first instance, but in the event the defendant chooses to waive that right and stand trial in District Court without a jury and is found guilty the defendant is entitled to appeal that judgement to the Superior Court where the defendant will receive a trial de novo before a jury. The defendant shall also be informed that if within ten (10) days of the date of his or her arraignment the defendant does not file a written waiver of his or her right to a jury trial in the first instance, the proceeding shall be transferred to the Superior Court for trial in that court. If the defendant files such a waiver the case shall proceed in accordance with these rules. If the defendant does not file such a waiver within ten (10) days of his or her initial appearance before the Court, or if the defendant is allowed, for good cause shown, to withdraw his or her waiver after said ten-day period, the clerk shall transmit the record in the case to the clerk of the Superior Court for the county in which the offense was committed."
(Emphasis Added.) Accordingly, by signing the waiver and entering a plea in District Court, defendant waived her right to a jury trial in the first instance in Superior Court. This waiver, however, in no way affects her right to file an appeal pursuant to Rule 37. Once again, the waiver form signed by the defendant specifically states that while the waiver "gives up my right to an immediate transfer of my case to the Superior Court for jury trial", if the defendant is found guilty and sentenced in district court, the defendant still has his/her "right to appeal to the Superior Court for a jury trial." See also Holliday at 105, 280 A.2d at 339; Avila, 415 A.2d at 181
The State emphasizes the fact that defendant's sentence resulted from an agreed upon plea rather than a trial before a District Court judge. The State maintains that to allow defendant to appeal from a plea "makes a mockery of a plea which is a formal admission of responsibility in court." Policy arguments not withstanding, however, the language of Rule 37 is clear. "[E]very person aggrieved by the sentence of the District Court for any offense . . . may, within five days after such sentence, appeal therefrom to the Superior Court . . ." (Emphasis added.) No distinction is made with regard to sentences entered pursuant to a plea agreement or those entered after a bench trial. In view of constitutional mandates regarding an accused's right to a jury trial, this Court cannot deny the defendant her right to appeal to the Superior Court for a trial de novo without clear and unequivocal authorization from the legislature.
Therefore, because the defendant is constitutionally guaranteed a trial by jury and because there is no statutory prohibition precluding her from entering a plea in District Court and later appealing the same to District, the State's motion to dismiss the defendant's appeal is denied.
[1] Pursuant to the terms of R.I.G.L. § 12-22-1, an individual charged with a mere violation cannot appeal his/her sentence to the Superior Court.