STATE *vs.* BERNARD F. MCGUIRE, JR.

FEBRUARY 5, 1960.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

PAOLINO, J. This is a criminal complaint charging the defendant with operating a motor vehicle on August 2, 1958 upon a public highway in the city of Warwick without displaying "lighted lamps as required at a time between one-half hour after sunset to a half hour before sunrise." After the state's demurrer to the defendant's plea in abatement was sustained, the case was tried before a justice of the superior court sitting without a jury. The defendant was found guilty and sentenced to pay a fine of $5 and costs. The case is before us on the defendant's exceptions to such decision and to the ruling sustaining the state's demurrer. The defendant has briefed and argued both exceptions together. We shall treat them in the same manner.

No transcript of evidence has been filed in this court and the only record before us is the pleadings. It appears from the record of the travel of the case on the jacket entries that on September 11, 1958 after a trial in the fourth judicial district court defendant was adjudged guilty of the offense charged; that on September 18 he was sentenced to pay the costs of prosecution; and that on the same date he claimed an appeal therefrom to the superior court.

In the superior court, defendant filed a plea in abatement in two counts. He has expressly waived the first count. In the second count he alleged in substance that after the trial in the district court on September 11, 1958 the justice thereof who heard the case entered the following order, "dismissed on payment of costs"; that upon defendant's refusal to pay such costs the justice stated, "alright, I then find you guilty"; that the order dismissing the complaint on

payment of costs was unconstitutional; and that the entry of the decision of guilty by the district court justice was unlawful.

The defendant's contention that the trial justice erred in sustaining the state's demurrer is apparently based on the grounds that the demurrer admitted the truth of the facts alleged by defendant in his plea; that on the basis of such allegations the rulings of the justice of the district court were erroneous and unlawful; and that the ruling sustaining the demurrer amounted to a decision sustaining the alleged unlawful rulings of the justice of the district court.

In our opinion on the basis of the instant record there is no merit in defendant's contention. Although the allegations in defendant's plea do not correspond with the jacket entries, the state's demurrer admitted the truth of the allegations in the plea. In the circumstances, for the purposes of the demurrer, we are compelled to consider such allegations as true and it is reasonable to assume that the trial justice did likewise. But there is nothing in the record indicating that in ruling on the demurrer he reviewed the legality of the action of the justice of the district court or that he based his rulings sustaining the demurrer on the ground that such action was lawful. In fact there is nothing in the record indicating the ground on which the trial justice based his ruling.

Notwithstanding the failure of the record to show the ground of his ruling, it is our opinion that a valid ground exists to support it. Under our statutes the superior court has no authority in criminal appeals to review and pass on the legality of rulings and decisions made by justices of the district courts. Under general laws 1956, §8-2-15, the superior court has original jurisdiction of all crimes, offenses and misdemeanors. A defendant who is aggrieved by the sentence of a district court justice for any offense has the

right under §12-22-1 to appeal to the superior court and under §12-17-1 he has the right to a trial in such court.

However, on such appeal our statutes require and provide for a trial de novo of the cause in its entirety. The trial on such appeal is an original hearing on the facts and the law. It is not an appellate proceeding to review the rulings and decisions of justices of the district courts. There is no language in our statutes which expressly or otherwise constitutes the superior court as an appellate tribunal to review the rulings and decisions of the district courts in criminal appeals. See *Vrooman* v. *Arnold,* 29 R. I. 478.

The rule is well established that if an inferior court has jurisdiction, every intendment is to be made to support its judgment. *State* v. *Board of Aldermen,* 18 R. I. 381, 382. In our opinion the ruling of the trial justice was not in error. On the record before us we must presume that he based such ruling on the grounds that under our statutes he was required to hear the case de novo in its entirety and that he lacked authority to determine the correctness or legality of the rulings of the justice of the district court. See 5 C.J.S. Appeal and Error §1540. In the circumstances the defendant's exception to the decision in the superior court finding him guilty of the offense charged requires no further consideration.

The defendant's exceptions are overruled, and the case is remitted to the superior court for further proceedings.

*J. Joseph Nugent,* Attorney General, *Alfred E. Motta,* Special Counsel, for State.

*Pontarelli & Berberian, Aram K. Berberian,* for defendant.