**Josephine JUCHNIK et al.**

v.

**Joseph BETTERS et al.**

**No. 81–262–Appeal.**

Supreme Court of Rhode Island.

Feb. 14, 1984.

Stephen R. White, Pucci & Goldin, Inc., Providence, for plaintiffs.

Paul V. Mancini, Providence, for defendants.

OPINION

BEVILACQUA, Chief Justice.

This is a civil action for negligence brought by the plaintiffs Josephine and Dennis Juchnik, hereinafter referred to as the plaintiff, against Joseph and Roseann Betters, hereinafter referred to as the defendant, seeking to recover property damages resulting from a collision with the defendant's automobile. The case was tried before a justice of the Superior Court, sitting with a jury. After trial, judgment was entered for the defendant. The plaintiff thereafter filed a motion for a new trial and the trial justice granted the motion. The defendant appealed, challenging the trial justice's granting of the plaintiff's motion for a new trial. The defendant contends that the trial justice, in considering the motion for a new trial, overlooked and misconceived material evidence and was clearly wrong.

The record discloses that on March 3, 1975, in the city of Cranston, plaintiff was operating a motor vehicle proceeding southward on Julia Street. The defendant was operating her automobile going eastward on Mauran Street. At the intersection of Mauran and Julia Streets, the cars collided. The plaintiff testified that he stopped at the stop sign located on Julia Street, a short distance from the intersection. He looked both ways before proceeding. However, he

stated that his line of vision was obstructed by some bushes. As he proceeded into the intersection at approximately five to ten miles per hour, his front end collided with the rear left quarter of defendant's vehicle. Prior to the impact, plaintiff failed to observe defendant's motor vehicle.

The defendant testified that at the time of the accident she was traveling at approximately fifteen miles per hour. However, defendant admitted to police that she was going twenty to twenty-five miles per hour. The defendant maintained that in an effort to avoid being struck broadside by plaintiff's automobile, she did not attempt to stop by applying her brakes but instead accelerated. Linda Fraser Samson, an independent witness who observed the accident, testified that in her estimation plaintiff's vehicle was traveling at five to ten miles an hour while defendant's vehicle was traveling at approximately thirty miles per hour.

In considering a motion for a new trial, the trial justice must consider in the exercise of his independent judgment all of the material evidence in light of his charge to the jury. *Labrecque v. Branton Yachts Corp.*, R.I., 457 A.2d 617, 621 (1983); *Gordon v. Campanella Corp.*, 112 R.I. 417, 420, 311 A.2d 844, 847 (1973); *Cottrell v. Lally*, 94 R.I. 485, 489, 182 A.2d 302, 304 (1962). He must pass on the weight of the evidence and the credibility of the witnesses who have testified. *Barbato v. Epstein*, 97 R.I. 191, 193, 196 A.2d 836, 837 (1964). He can properly reject evidence that he finds to be nonprobative or add to the evidence by drawing consistent inferences. *Id.* at 193–94, 196 A.2d at 837. His role, in essence, is that of a seventh juror. *Id.* In support of his decision, the trial justice need not make an exhaustive analysis of all of the evidence upon which he relies. *Dixon v. Royal Cab, Inc.*, 121 R.I. 110, 120, 396 A.2d 930, 935 (1979). However, he must refer to the evidence that motivated him to rule as he did. *Morinville v. Morinville*, 116 R.I. 507, 511–

12, 359 A.2d 48, 51 (1976); *Fontaine v. Devonis*, 114 R.I. 541, 543–44, 336 A.2d 847, 854 (1975).

Having examined the decision of the trial justice in granting the plaintiff's new-trial motion, we must conclude that the verdict was against the preponderance of the evidence and that the motion was properly granted. The trial justice specifically discounted the defendant's testimony that she was traveling approximately fifteen miles per hour in light of her statement to police that she was traveling twenty to twenty-five miles per hour. While the trial justice erred in concluding that the defendant admitted to going faster than fifteen miles per hour in interrogatories, there was other evidence, in addition to the police statement, to support the trial justice's conclusion that the defendant was traveling faster than fifteen miles per hour. The disinterested witness, Miss Samson, whose testimony was accepted by the trial justice, testified that the defendant was traveling at approximately thirty miles per hour, "a faster rate of speed than [she] was used to seeing on that street." Furthermore, the trial justice referred to the defendant's failure to reduce her speed when crossing the intersection, a fact undisputed by the defendant. The defendant's failure to reduce her speed when crossing the intersection was an important factor underlying the trial justice's finding that there was "no question whatsoever that the defendant was negligent."[1] Having analyzed all of the evidence, the trial justice concluded that reasonable minds could not differ and could arrive at only one conclusion.

Therefore, the defendant's appeal is denied and dismissed, and the judgment appealed from is affirmed.

---

1. We do not suggest that the failure to slow at an intersection constitutes negligence per se, particularly when the intersecting street is controlled by a stop sign. However, the question of negligence is a mixed question of law and fact and must be determined on a case-by-case basis. In the case at bar, we cannot state that the trial justice was clearly wrong in reaching the conclusion he did on the motion for new trial.