Donna BEAUCHEMIN

v.

Stanley SWEETEN.

No. 81–97–Appeal.

Supreme Court of Rhode Island.

Feb. 16, 1984.

Robert D. Goldberg, Goldberg, Goldberg & Goldberg, Pawtucket, for plaintiff.

Matthew L. Lewiss/William A. Nardone, Westerly, for defendant.

## OPINION

BEVILACQUA, Chief Justice.

This is a civil action for assault brought by the plaintiff to recover for injuries allegedly sustained as a result of the defendant's attack. The case was tried before a justice of the Superior Court and a jury. After a verdict was returned for the defendant, the plaintiff filed a motion for a new trial, which was granted. The defendant appeals, and the plaintiff cross-appeals on the ground that the defendant's plea of nolo contendere in the related criminal proceeding should have been admitted to impeach defendant's credibility in the civil action.

The record reveals the following facts. On August 9, 1975, defendant, Stanley Sweeten, offered a ride to plaintiff, Donna Beauchemin, who was hitchhiking from the University of Rhode Island campus to her place of employment in Galilee, Rhode Island. The testimony of plaintiff and defendant differed as to the subsequent events.

The plaintiff testified that as they were driving along a deserted stretch of road known as the escape road, defendant suddenly pulled his van over to the side of the road. He then placed a four-foot long "spear-like" object against plaintiff's throat and warned her not to move. The plaintiff

testified that when she began resisting and attempted to open the van door, defendant covered her nose and mouth to stifle her screams and repeatedly struck at her arm to prevent her exit. After struggling for several minutes she escaped and defendant drove off in the opposite direction. Noticing her distraught condition, several people in a passing car stopped to help. Following her arrival at work, plaintiff's manager called the authorities who accompanied her to the Narragansett Police Station, where she filed a report.

The plaintiff further testified that as a result of defendant's assault, she sustained scratches on her face and a split lip as well as serious bruises along her left arm. She additionally suffered from recurrent nightmares and anxiety of such degree that she consulted her physician, who prescribed medication.

The defendant stated that he picked up plaintiff and proceeded toward the town of Galilee where she worked. As they were proceeding along the so-called escape route, plaintiff unexpectedly ordered him to give her all his money or she would "make trouble" for him. The defendant testified that he had been paid earlier that day and that his wallet was lying on the floor between the seats. Although plaintiff claimed that she never noticed a wallet on the floor, defendant testified that she reached between the seats to grab the money. In order to prevent the theft, defendant grabbed plaintiff's arm and held it for some thirty seconds, after which plaintiff fled from the van.

The plaintiff's mother and sister testified to the fact that plaintiff suffered from severe anxiety, sleeplessness and recurrent nightmares. The plaintiff's treating physician additionally testified that plaintiff appeared to be suffering from situational anxiety as a result of the incident for which she prescribed valium.

During the course of the trial, plaintiff attempted to introduce evidence of defendant's plea of nolo contendere in order to impeach his testimony that he had not assaulted plaintiff.[1] The trial justice refused to allow the plea into evidence. On appeal, the issues presented before this court are: (1) whether the trial justice erred in granting plaintiff's motion for a new trial; and (2) whether the trial justice committed error in precluding the introduction of a plea of nolo contendere to impeach the witness's credibility.

I

■ The defendant argues on appeal that the trial justice should have sustained the verdict because, due to the conflicting testimony, reasonable minds could have reached different conclusions. This court has repeatedly held that in considering a motion for a new trial, the trial justice has a duty in exercising his independent judgment to consider all of the material evidence in the light of his charge to the jury and to pass on the weight and credibility of the witnesses. *Barbato v. Epstein,* 97 R.I. 191, 193, 196 A.2d 836, 837 (1964). He may accept or reject conflicting testimony and may draw all reasonable inferences. *Id.* at 193, 196 A.2d at 837. If, after this independent assessment of the evidence, he determines that he would have reached a different conclusion than the jury, he may grant a new trial if he specifically finds that the verdict is against the fair preponderance of the evidence and fails to do substantial justice. *Yammerino v. Cranston Tennis Club, Inc.,* R.I., 416 A.2d 698, 699 (1980). The trial justice must approve the verdict if he finds that the evidence is balanced or that reasonable minds could differ. *Id.* 416 A.2d at 699–700. On appeal, a trial justice's ruling on a motion for a new trial is entitled to great weight, and this court will disturb that ruling only when the trial justice overlooked or misconceived material evidence or was otherwise clearly wrong.

---

1. On the basis of the facts elicited in plaintiff's police report, defendant was charged with criminal assault. Pursuant to G.L. 1956 (1981 Reenactment) § 12–10–12, he pleaded nolo contendere, and the complaint was placed on file.

*Fox v. Allstate Insurance Co.,* R.I., 425 A.2d 903, 907 (1981).

In the instant case the trial justice engaged in an exhaustive analysis of the evidence. After reiterating the testimony that was presented by plaintiff and defendant, the trial justice stated that he was impressed by plaintiff's testimony. He rejected the testimony of defendant, completely disbelieving the statement of defendant that plaintiff had demanded his money and threatened to make trouble for him. He concluded that if someone were going to make such a request, it would not be in a lonely area. He specifically pointed out that he was not impressed by defendant's claim that he did not see plaintiff hitchhiking when he was going west, and then turned around and went east and coincidentally picked her up. The trial justice believed that as defendant was going west, he noticed plaintiff and specifically turned around to pick her up. He stated that the verdict was not supported by the evidence and that reasonable minds could not differ. In weighing the credible evidence, the trial justice found that the verdict did not do substantial justice between the parties.

We therefore conclude that the trial justice in his analysis of the evidence neither overlooked nor misconceived any material evidence. His conclusion that the testimony of plaintiff was far more credible than that of defendant constituted the proper exercise of his duty to "accept some * * * of the evidence as having probative force; or * * * reject some of the testimony * * * because of inherent improbabilities" and was therefore not clearly erroneous. *Barbato v. Epstein,* 97 R.I. at 193, 196 A.2d at 837.

## II

The plaintiff contends that the trial justice was incorrect in prohibiting the introduction of defendant's plea of nolo contendere in order to impeach his credibility.

The defendant in the related criminal prosecution pleaded nolo contendere pursuant to G.L. 1956 (1981 Reenactment) § 12–10–12, which provides:

"any judge of the district court or superior court may place on file any complaint in a criminal case other than a complaint for the commission of a felony * * *. If no action is taken on said complaint for a period of one (1) year following said filing, said complaint shall be automatically quashed and destroyed. No criminal record shall result therefrom, provided however, that in any civil action for a tort, a plea of guilty or a finding of guilty should be admissible notwithstanding the fact that said complaint has been filed."

A plea of nolo contendere may be introduced in a related civil action to impeach credibility when that plea rises to the level of a conviction. *Korsak v. Prudential Property & Casualty Insurance Co.,* R.I., 441 A.2d 832, 834 (1982). This court has held that conviction occurs upon the imposition of a sentence. *Id.; see Doughty v. DeAmoreel,* 22 R.I. 158, 159, 46 A. 838, 838 (1900). Thus, only when a plea of nolo contendere is followed by a sentence, whether suspended or not, may that plea be introduced in a civil action for purposes of impeaching credibility. *Korsak,* 441 A.2d at 834. When a defendant's plea of nolo contendere is followed by probation, that plea is inadmissible to impeach credibility because it does not rise to the level of a conviction. *Id.*

In the instant case, defendant pleaded nolo contendere pursuant to the provisions of § 12–10–12. That statute specifically provides for placing the complaint on file. A defendant who pleads nolo contendere pursuant to § 12–10–12 is subject to an even less stringent sanction than persons placed on probation, whose liberty is conditional and may be revoked. *See State v. Gobern,* R.I., 423 A.2d 1177, 1179 (1981). In the case of a criminal complaint filed under § 12–10–12, the individual is eventually absolved of the charges and no criminal record results. Because the defendant who pleads nolo contendere pursuant to § 12–10–12 does not suffer a convic-

tion based upon imposition of a sentence, we conclude that evidence of that plea is inadmissible to impeach credibility in a related civil proceeding. The defendant's plea of nolo contendere shall not be admissible to impeach his credibility.

Both the defendant's and the plaintiff's appeals are denied and dismissed, the judgment appealed from is affirmed, and the case is remanded to the Superior Court for further proceedings.