[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
This matter is before the court on defendant, Prata Funeral Homes, Inc's ("Prata") renewed motion for a directed verdict, motion for a new trial or, in the alternative, motion for a remittitur.
Facts Travel
Plaintiff, Irene Pickett, entered into a funeral and burial services contract with defendant, the Merritt Company ("Merritt") on April 1, 1947. Under this contract, Pickett was to pay $1 per week to Merritt for 240 weeks, for a total contract price of $240. In return, Merritt, through defendant Prata, was to provide the following funeral and burial services upon the death of the first of those persons named in the contract: (a) a casket, the retail listed price of which shall not be in excess of $135; (b) a wooden box enclosing the casket, unless prohibited by cemetery rules; (c) a hearse and one cortege automobile; (d) suitable embalming or other preparation for burial; (e) transportation, within the State of Rhode Island, of remains from any hospital, institution or sanitorium to the location of the funeral services; (f) the use of a funeral home, accommodations, equipment and services of the funeral director selected herein (Prata).
Plaintiff paid the contract price in full and, on November 2, 1984, plaintiff's husband died. Plaintiff's sons presented the contract to Prata while making funeral arrangements for plaintiff's husband. Prata's funeral director thereupon showed plaintiff's sons the casket provided under the contract. Plaintiff's sons rejected the casket provided for and were subsequently asked by the funeral director to sign a document reflecting their rejection of the casket as well as the services provided under the contract. Plaintiff's sons signed the document as plaintiff's agent. There is some conflicting evidence as to whether plaintiff's sons were told they were merely rejecting the casket or were told they were also rejecting the other services provided under the contract.
Plaintiff and her sons later selected a casket that was satisfactory to them and Prata performed the funeral and burial services for plaintiff's late husband. Prata billed plaintiff for these services in the amount of $2,998, which represented $3,238 in actual services, less the $240 plaintiff had paid for the original contract. The services provided included those contained in the original contract, as well as additional services such as acknowledgement cards, register books, prayer cards, a name plate, cemetery charges, clergy honorarium, death notices and copies of the death certificate. Plaintiff paid Prata's bill in full.
Plaintiff filed a complaint against defendants Merritt and Prata on January 19, 1988, which was later amended, alleging fraud on the part of Prata, breach of contract against both Prata and Merritt, and tortious interference with contract against Prata. At the conclusion of the trial in this matter, the jury returned with verdicts for the defendants on the fraud and breach of contract claims, and for the plaintiff on the tortious interference with contract claim, awarding plaintiff $15,000 in damages. Defendant Prata then filed the motions which are the subject of this decision.
Discussion
I. Renewed Motion for Directed Verdict
It is well settled in Rhode Island that in ruling on a motion for a directed verdict, the trial justice must consider the evidence and all reasonable inferences to be drawn therefrom in the light most favorable to the nonmoving party. Soares v. Ann Hope of Rhode Island, 637 A.2d 339, 344-45 (R.I. 1994). In examining the evidence, the trial justice must not weigh the evidence or evaluate the credibility of witnesses. Id. at 344. If the trial justice finds, after conducting this analysis, that there exist genuine issues of fact upon which reasonable minds could differ, then the jury must be allowed to decide these factual issues. Id. at 345.
In an action for tortious interference with contract, the plaintiff must prove the existence of a contract, the defendant's knowledge of the contract, his intentional interference with the contract, and damages resulting therefrom. DiBiasio v. Brown Sharpe Mfg. Co., 525 A.2d 489, 493 (R.I. 1987); SmithDevelopment Corporation v. Bilow Enterprises, Inc.,112 R.I. 203, 211, 308 A.2d 477, 482 (1973). Malice is required on the part of the defendant, which has been defined as an intent to do harm without justification. Mesolella v. City of Providence,508 A.2d 661, 670 (R.I. 1986). The burden is on the defendant to show justification. Id.
The facts before the jury, construed in the light most favorable to plaintiff, were that a contract existed between plaintiff and defendant Merritt of which defendant Prata was aware. Prata induced plaintiff, through her sons, to abandon her contract with Merritt and to enter into a new contract with Prata for a more lavish and expensive funeral for her husband. Based on those facts, reasonable minds could differ as to whether an action for tortious interference had been proved. Therefore, defendants renewed motion for a directed verdict is denied.
II. Motion for New Trial
In ruling on a motion for a new trial, the trial justice acts as a seventh juror by using her independent judgment in considering all of the material evidence in light of the charge to the jury. Gardiner v. Schobel, 521 A.2d 1011, 1015 (R.I. 1987); Totman v. Vernon, 494 A.2d 97, 99 (R.I. 1985); Juchnikv. Betters, 471 A.2d 222, 223 (R.I. 1984); Barbato v. Epstein,97 R.I. 191, 193, 196 A.2d 836, 837 (1964). The trial justice passes on the weight of the evidence and the credibility of the witnesses who have testified. Gardiner, 521 A.2d at 1015;Totman, 494 A.2d at 99; Juchnik, 471 A.2d 223; Barbato, 97 R.I. at 193, 196 A.2d at 837. The justice may reject evidence that she finds to be non-probative or conflicting or add to the evidence by drawing consistent inferences. Beauchemin v.Sweeten, 471 A.2d 624, 626 (R.I. 1984); Juchnik, 471 A.2d at 223. If the trial justice concludes that the evidence is evenly balanced or that reasonable minds could reach differing results, she must approve the verdict regardless of her own doubts about its correctness. Beauchemin, 471 A.2d at 626; Mouchon v.Erikson's, Inc., 448 A.2d 776, 778 (R.I. 1982). If, however, she concludes that the jury's verdict is against the fair preponderance of the evidence or fails to do substantial justice between the parties, or respond to the merits of the claim, she should set aside the jury's verdict and order a new trial.Zarrella v. Robinson, 460 A.2d 415, 417-18 (R.I. 1983);Turgeon v. Davis, 120 R.I. 586, 590-91, 388 A.2d 1172, 1175 (1978).
After hearing and considering the evidence presented at trial, this Court denies defendant's motion for a new trial. This Court finds competent and credible evidence to sustain the jury's verdict as to its finding of tortious interference with contract. This Court finds credible the plaintiff's son's testimony that the funeral director "tapped" the sides of the casket when showing him the casket which was provided under the original contract. This action clearly had an impact on plaintiff's son, causing him to reject this casket and be manipulated into contracting for a much more expensive one. Prata's funeral director's body language and demeanor while testifying convinces this Court that the tapping on the casket clearly occurred and, even if unintentional, had a disparaging impact on the plaintiff. This Court also finds that plaintiff and her sons were unsophisticated, unschooled, and subsequently, vulnerable. Prata's funeral director took advantage of the family's weakness when he placed a typewritten page rejecting the casket and other services under the original contract in front of plaintiff's son, who relied on Prata's assertions as to what the paper meant without reading it himself. This Court thus finds the jury's verdict to be soundly based on the abundant, credible evidence.
III. Motion for Remittitur
It is well-settled that although the fixing of damages is a jury function, the trial justice may interfere with the award if, after using her independent judgment in passing upon the evidence of damages, she finds that the award is grossly in excess of an amount adequate to compensate the plaintiff for the wrong done.Gordon v. St. Joseph's Hospital, 496 A.2d 132, 138 (R.I. 1985);Zarrella v. Robinson, 460 A.2d 415, 418 (R.I. 1983); Mouchonv. Erikson's, Inc., 448 A.2d 776, 779 (R.I. 1982); Wood v.Paolino, 112 R.I. 753, 755, 315 A.2d 744, 745 (1974). The trial justice may reject the jury's award or order a remittitur if the award is clearly excessive or demonstrates that the jury was influenced by passion or prejudice rather than their unbiased judgment or indicates that the jury proceeded from a clearly erroneous basis in assessing the fair amount of compensation to which the plaintiff was entitled. Reccko v. Criss CadillacCompany, Inc., 610 A.2d 542, 546 (R.I. 1992); Hayhurst v.LaFlamme, 441 A.2d 544, 547 (R.I. 1982); Yammerino v. CranstonTennis Club, Inc., 416 A.2d 698, 700 (R.I. 1980).
In an action for tortious interference with contract, damages for the tortious behavior include the pecuniary loss of the benefits of the contract resulting from the interference, as well as consequential losses for which the interference is a legal cause. Restatement (Second) Torts § 774A at 55 (1979). See alsoMesolella v. City of Providence, 508 A.2d 661, 671 (R.I. 1986). This Court instructed the jury that plaintiff's damages were limited to her expectation or pecuniary loss if the original contract had been performed. This Court specifically declined plaintiff's request to instruct the jury that plaintiff could be compensated for her emotional distress and mental suffering. Additionally, this Court refused to instruct the jury that plaintiff could be awarded punitive damages.
After a consideration of the evidence, this court finds that the jury's award of $15,000 was clearly excessive as it was influenced by passion and sympathy, and clearly erroneous based on the instructions given to the jury and the evidence presented at trial. The plaintiff testified that she paid $240 for her original contract with Merritt. The plaintiff also presented evidence that Prata charged her $3,238 for the funeral and burial services performed, less the $240 plaintiff paid for the original contract, for a total of $2,998. Thus, the pecuniary loss plaintiff suffered as a result of Prata's interference with the original contract was $2,998. The plaintiff presented no other evidence of monetary damage resulting from the tortious interference of her contract with Merritt. There is thus no evidentiary basis for the jury's award of $15,000. The jury was clearly motivated by sympathy for the plaintiff. The defendant's motion for a remittitur is therefore granted in the amount of $12,002.
The plaintiff must, within thirty (30) days of the date of this decision, indicate an acceptance of the remittitur. Otherwise, a new trial on the issue of damages only is ordered.
Counsel shall prepare the appropriate order for entry.