DECISION
Before this Court is the plaintiffs' timely Motion for a New Trial pursuant to R.C.P. 59. The plaintiffs, Bruno Formato ("Formato") and Thomas English ("English"), timely filed this Motion for a New Trial asserting that the jury's verdict was clearly wrong, and that it failed to respond to the merits of the controversy or to administer substantial justice between the parties. Additionally, the plaintiff English has filed a Motion to Amend the Judgment under R.C.P. 59 (e). The defendants object to the plaintiffs' post-trial motions.
This case arises out of a motor vehicle accident which occurred on Smith Street in Providence, Rhode Island on January 8, 1993. On that date, Nicholas Papakyrikos ("Papakyrikos") was driving east along Gaspee Street with two passengers, the plaintiffs Formato and English. As Papakyrikos was not familiar with the area, he did not notice the missing stop sign which ordinarily would control east-bound traffic entering the intersection with Smith Street. The area surrounding the intersection was under construction and under the authority and control of Rocchio Sons, Inc. ("Rocchio Sons"). Rocchio 
Sons failed to replace the missing stop sign or otherwise install a traffic control for the intersection.
Thus, Papakyrikos proceeded through the intersection without stopping. When he realized the danger in this action, he came to a stop, straddling the southbound lanes of Smith Street. At this moment, the defendant Kenneth Green ("Green"), driving defendant Paul Green's car southbound on Smith Street, crested a hill just before Papakyrikos' parked automobile. The cars collided, and the, plaintiffs suffered physical injuries as a result.
The plaintiffs each brought personal injury actions, alleging negligence of Nicholas Papakyrikos, Kenneth Green, Paul Green, Rocchio Sons, the City of Providence and the State of Rhode Island. Prior to trial, Papakyrikos settled with both of the plaintiffs. Additionally, English settled with the City of Providence and the State of Rhode Island. After trial, the jury found for the plaintiffs and awarded Formato and English $12,000 and $10,000, respectively. The jury apportioned negligence as follows: Green, 0%; Papakyrikos, 75%; Rocchio Sons, 15%; and the State of Rhode Island, 10%. The plaintiffs filed the within motions.
In ruling on a Motion for a New Trial, the trial justice acts as a seventh juror by using her independent judgment in considering all of the material evidence in light of the charge to the jury. Gardiner v. Schobel, 521 A.2d 1011, 1015 (R.I. 1987); Totman v. Vernon, 494 A.2d 97, 99 (R.I. 1985); Jucknik v.Betters, 471 A.2d 222, 223 (R.I. 1984); Barbato v. Epstein,97 R.I. 191, 193, 196 A.2d 836, 837 (1964). The trial justice passes on the weight of the evidence and the credibility of the witnesses who have testified. Gardiner, 521 A.2d at 1015; Totman, 494 A.2d at 99; Jucknik, 471 A.2d 223; Barbato, 97 R.I. at 193, 196 A.2d at 837. The justice may reject evidence that she finds to be non-probative or conflicting or add to the evidence by drawing consistent inferences. Beauchemin v. Sweeten,471 A.2d 624, 626 (R.I. 1984); Juchnik, 471 A.2d at 223. If the trial justice concludes that the evidence is evenly balanced, or that reasonable minds could reach differing results, she must approve the verdict regardless of her own doubts about its correctness.Beauchemin, 471 A.2d at 626; Mouchon v. Erikson's, Inc.,448 A.2d 776, 778 (R.I. 1982). If, however, she concludes that the jury's verdict is against the fair preponderance of the evidence, or fails to do substantial justice between the parties, or responds to the merits of the claim, she should set aside the jury's verdict and order a new trial. Zarrella v. Robinson,460 A.2d 415, 417-18 (R.I. 1983); Turgeon v. Davis, 120 R.I. 586, 590-91,388 A.2d 1172, 1175 (1978).
After hearing and considering the evidence presented at trial, this Court grants plaintiffs' motion for a new trial. The testimony of Green, himself, compels the conclusion that he was negligent that night. He admitted that he was driving in excess of the speed limit, and that his speed was not reasonable in light of the circumstances. Specifically, he knew that he was approaching a bill on Smith Street which created a blind spot at the intersection of Smith and Gaspee Streets, an intersection he knew to be ordinarily controlled by a stop sign. Finally, despite this knowledge, Green did not reduce his speed as he approached the Gaspee Street crossover. These facts alone suggest evidence of some degree of negligence on Green's part.
Furthermore, that portion of Green's testimony which was favorable to his case was discredited by witnesses for the plaintiffs. For example, Green claimed that he was traveling 30 miles per hour. Virtually, all other witnesses to the accident testified that he was driving "very fast" or 40 to 50 miles per hour. The uncontradicted testimony as to the damage to Papakyrikos' car further supports these allegations of speed.
Green's testimony was nothing if not inconsistent. In his deposition, Green testified that his first reaction was to swerve right, whereas at trial he testified that his first reaction was to swerve left. Green's testimony was inconsistent, contradictory and uncompelling. His testimony was totally lacking in credibility.
Finally, the evidence did not support the jury's assessment of damages. Despite credible, uncontradicted testimony as to Formato's damages, the jury awarded $12,000. Fonnato incurred $9,900 in medical bills ($6,000) and lost wages ($3,300). He suffered a laceration on his head which required 13 sutures to close, a broken shoulder bone, and a continuing and permanent impingement injury to his shoulder. This Court finds compelling his uncontradicted testimony as to his pain and suffering and the restrictions that his injuries have placed on his day-to-day activities. An award of $12,000 is against the fair preponderance of the evidence, and does not do substantial justice between the parties and shocks the conscience of this Court.
The award to English in response to the evidence was equally inappropriate. Reasonable minds could not have concluded that he was entitled to $10,000 in damages where credible evidence proved $26,000 in medical expenses for a permanent injury. Whatever the jurors' motivation, they failed to respond to the merits of the controversy.
Accordingly, this Court finds that the jury's apportionment of negligence is against the fair weight of the evidence, does not do substantial justice between the parties, and shocks the conscience of this Court. Accordingly, the plaintiffs' Motion for a New Trial is granted.
Counsel shall submit the appropriate judgment for entry.