DECISION
Before the Court is the plaintiffs timely Motion for a New Trial pursuant to R.C.P. 59. The plaintiff, Joanne M. Steffins (Steffins), filed this Motion for a New Trial asserting that the jury's verdict was clearly wrong, and that it failed to respond to the merits of the controversy or to administer substantial justice between the parties. The defendant, The Stop Shop Supermarket Company (Stop Shop), objects to the plaintiffs post-trial motion.
The plaintiff seeks recovery for personal injuries received when she slipped and fell on linoleum tile just inside the entryway to the Atwells Avenue Stop Shop on November 21, 1992. At the conclusion of the trial, the jury returned a verdict for the defendant, finding that the plaintiff had not proven by a preponderance of the evidence that Stop Shop was negligent and that such negligence proximately caused the plaintiff's injuries. The plaintiff filed the within motion.
In ruling on a motion for a new trial, the trial justice acts as a seventh juror by using her independent judgment in considering all of the material evidence in light of the charge to the jury. Gardiner v. Schobel, 521 A.2d 1011, 1015 (R.I. 1987); Totman v. Vernon, 494 A.2d 97, 99 (R.I. 1985); Juchnik v.Betters, 471 A.2d 222, 223 (R.I. 1984); Barbato v. Epstein,97 R.I. 191, 193, 196 A.2d 836, 837 (1964). The trial justice passes on the weight of the evidence and the credibility of the witnesses who have testified. Gardiner, 521 A.2d at 1015; Totman, 494 A.2d at 99; Juchnik, 471 A.2d at 223; Barbato, 97 R.I. at 193, 196 A.2d at 837. The justice may reject evidence that she finds to be non-probative or conflicting or add to the evidence by drawing consistent inferences. Beauchemin v. Sweeten,471 A.2d 624, 626 (R.I. 1984); Juchnik, 471 A.2d at 223. If the trial justice concludes that the evidence is evenly balanced, or that reasonable minds could reach differing results, she must approve the verdict regardless of her own doubts about its correctness.Beauchemin, 471 A.2d at 626; Mouchon v. Erikson's, Inc.,448 A.2d 776, 778 (R.I. 1982). If, however, she concludes that the jury's verdict is against the fair preponderance of the evidence, or fails to do substantial justice between the parties, or responds to the merits of the claim, she should set aside the jury's verdict and order a new trial. Zarrella v. Robinson,460 A.2d 415, 417-18 (R.I. 1983); Turgeon v. Davis, 120 R.I. 586, 590-91,388 A.2d 1172, 1175 (1978).
After hearing and considering the evidence presented at trial, this Court denies the plaintiffs Motion for a New Trial. The jury heard testimony of Steffins alleging that the floor was wet and dirty where she fell. Steffins further stated that the entryway showed evidence of footprints and tracks leading from the wet area into the store. She also noticed the absence of a safety mat or caution cone ordinarily used by Stop Shop in anticipation of wet weather. Her son's testimony was consistent with her description of the wet area. The plaintiff contends that this evidence, combined with the defendant's own admission that it was raining, compels the conclusion that the defendant was negligent.
This Court finds that reasonable minds could differ as to Stop Shop's negligence. The plaintiff's testimony was inconsistent and uncompelling. The defendant effectively impeached her testimony. At trial, Steffins contradicted earlier deposition testimony when she stated that it was raining at the time of her fall. Furthermore, Dr. Morgan's description of Steffin's examination varied significantly from the plaintiff's recollections. The defendant also discredited Steffin's son's testimony. He initially testified that he had not discussed the accident since it occurred, yet he was able to reiterate his mother's testimony detail by detail six years later. The jury was entitled to find as it did.
After carefully reviewing all of the evidence of record, along with the arguments of counsel, this Court finds that a new trial is not warranted. The jury's verdict is not one which is against the fair preponderance of the evidence or fails to do substantial justice between the parties. Accordingly, The plaintiff's Motion for a New Trial pursuant to R.C.P. 59 is denied.
Counsel shall submit an appropriate judgment for entry within ten days.