STATE

v.

Angell–Dean BROWN.

No. 2005–128–C.A.

Supreme Court of Rhode Island.

May 31, 2006.

Diane Daigle.

Paula Rosin, Providence.

### ORDER

The defendant, Angell–Dean Brown, appeals to this Court after a jury found her guilty of disorderly conduct. After the jury returned its verdict, the trial justice ordered the case filed for a period of one year, pursuant to G.L.1956 § 12–10–12. On appeal, Brown contends that the trial justice erred when he denied her motion for judgment of acquittal because she contends the state's evidence was insufficient to prove that she had violated the disorderly conduct statute. Brown also argued to this Court that reversal was warranted because the trial justice permitted one of the state's witnesses to testify about the condition of her ailing husband, and that she was prejudiced by this testimony because it created sympathy for the witness.

This case came before the Supreme Court on March 6, 2006, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not summarily be decided. After oral argument before this Court, we directed the parties to submit supplemental memoranda addressing, *inter alia*, whether a disposition of a criminal case pursuant to § 12–10–12 is appealable to this Court.

After reviewing the memoranda that the parties submitted and considering their ar-

guments before the Court, we are of the opinion that in its present posture this case does not present a justiciable issue. General Laws 1956 § 9–24–1 provides a right of appeal from a final judgment. In *Berman v. United States,* 302 U.S. 211, 212, 58 S.Ct. 164, 82 L.Ed. 204 (1937), the United States Supreme Court held that "[f]inal judgment in a criminal case means sentence. The sentence is the judgment." In our opinion, because the case was filed, pursuant to § 12–10–12, no sentence has been imposed and therefore no final judgment has entered. *See Beauchemin v. Sweeten,* 471 A.2d 624 (R.I.1984).

Section 12–10–12 also provides that a defendant who fails to keep the peace and be of good behavior for a period of one year may be brought back before the court, at which time the court may vacate the filing and sentence the defendant under the original charge. We hold that only under those circumstances is a judgment of conviction against a defendant final and only then may an appeal be filed to this Court.

On the basis of the record before us, no sentence has been imposed on Brown. We therefore dismiss this appeal since there is no justiciable issue before us.