STATE

v.

**Bryan J. McMANUS.**

**No. 2006–113–C.A.**

Supreme Court of Rhode Island.

June 16, 2008.

Aaron Weisman, Providence, for Plaintiff.

John D. Lynch, Jr., Warwick, for Defendant.

**O R D E R**

This case came before the Supreme Court on March 31, 2008, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not summarily be decided. After reviewing the record and the parties' written and oral submissions, we vacate the order of the Superior Court and remand this case for trial.

The State of Rhode Island (state), appeals from a Superior Court order that dismissed a criminal complaint charging defendant, Bryan J. McManus (McManus or defendant), with one count of disorderly conduct. On October 24, 2004, defendant, an off-duty East Greenwich police officer, allegedly engaged in a verbal confrontation with patron Tyrone Marshall at a restaurant on Main Street in East Greenwich, Rhode Island. Another patron, who observed the argument, called 911, and the police responded; their investigation resulted in the filing of charges against defendant for simple assault, in violation of G.L. 1956 § 11–5–3, and disorderly conduct, in violation of G.L. 1956 § 11–45–1(a).

After a bench trial on June 2, 2005, defendant was acquitted of simple assault, but found guilty of disorderly conduct by a judge of the District Court. He requested a trial *de novo* in the Superior Court under G.L. 1956 § 12–22–1 and Rule 37 of the District Court Rules of Criminal Procedure.[1] McManus also filed a motion to dismiss the complaint in the Superior Court based on his contention that the District Court guilty finding was flawed.

In a written decision, the Superior Court trial justice granted defendant's motion to dismiss, and an order to that effect entered on March 17, 2006. In reaching this decision, the trial justice relied upon, and even cited, the District Court transcript. The state appealed to this Court, on December 7, 2005,[2] arguing that the trial justice applied the wrong standard of review and that the judgment should be vacated and the case remanded for trial. We agree.

Section 12–22–1, provides in pertinent part, that "[e]very person aggrieved by the sentence of the District Court for any offense other than a violation" may appeal to the Superior Court. Unquestionably, a party exercising his or her statutory right of appeal under § 12–22–1 is afforded a trial *de novo* in the Superior Court. *State v. Avila*, 415 A.2d 180, 182 (R.I.1980). Such an appeal is to be treated as "an original hearing on the facts and the law." *State v. McGuire*, 90 R.I. 301, 304, 157 A.2d 657, 658 (1960). "It is not an appellate proceeding to review the rulings and decisions of justices of the [D]istrict [C]ourts." *Id.*

In the case before us, McManus sought and obtained appellate review of the findings of the District Court trial judge. The Superior Court trial justice proceeded to evaluate the correctness of the District Court's findings and declared: "It is clear from the text of the decision that the breach of peace the judge found was interference with a fellow citizen's 'quiet enjoyment of their day.'" The trial justice found that defendant was charged with violation of § 11–45–1(a)(2), "Disorderly Conduct."[3] The trial justice granted defendant's motion to dismiss.

---

**1.** Rule 37 of the District Court Rules of Criminal Procedure states:
    "A defendant aggrieved by a sentence of the District Court may appeal therefrom to the Superior Court for the county in which the division of the District Court is situated. The appeal may be claimed by giving oral or written notice of appeal in open court or by filing a written notice of appeal with the clerk of the division in which the sentence was imposed. Notice of appeal shall be given within five (5) days of the imposition of sentence appealed from."

**2.** This Court will treat a premature appeal as if it had been timely filed. *State v. Hesford*, 900 A.2d 1194, 1197 n. 3 (R.I.2006).

**3.** General Laws 1956 § 11–45–1 provides in pertinent part:
    (a) A person commits disorderly conduct if he or she intentionally, knowingly, or recklessly:

"(1) Engages in fighting or threatening, or in violent or tumultuous behavior;
"(2) In a public place or near a private residence that he or she has no right to occupy, disturbs another person by making loud and unreasonable noise which under the circumstances would disturb a person of average sensibilities;
"(3) Directs at another person in a public place offensive words which are likely to provoke a violent reaction on the part of the average person so addressed;
"(4) Alone or with others, obstructs a highway, street, sidewalk, railway, waterway, building entrance, elevator, aisle, stairway, or hallway to which the public or a substantial group of the public has access or any other place ordinarily used for the passage of persons, vehicles, or conveyances[.]"

Because the Superior Court trial justice was without authority to undertake appellate review of the District Court trial judge's findings, her order must be vacated. When a District Court judgment is appealed under § 12–22–1, the state, as well as the accused, is entitled to a trial *de novo*. *Avila*, 415 A.2d at 182.

Accordingly, the order is vacated and the case is remanded to the Superior Court for trial.