DECISION
This case is before the Court on the motion of the State of Rhode Island (the "State"). The State moves to dismiss the appeal of Defendant Eric Freitas (the "Defendant"), asserting that this Court lacks the requisite subject matter jurisdiction to hear the appeal. The Defendant objects to the State's motion.
 I FACTS TRAVEL
The Defendant was charged with one count of domestic simple assault and one count of domestic disorderly conduct on July 14, 2010. Thereafter, on July 30, 2010 in the Sixth Division District Court, Defendant entered a plea of nolo contendere with respect to both counts. The simple assault count was dismissed as a result of the plea, and as to the domestic disorderly conduct charge, the Defendant received a no contact order, a one year filing in accordance with G.L. 1956 § 12-10-12, and was sent to domestic violence counseling. *Page 2 
On November 17, 2010, the Defendant was again charged with domestic simple assault and domestic disorderly conduct. Accordingly, the filing was resurrected by the District Court for trial on the new charges. After determining that the Defendant had in fact violated his filing, the District Court found the Defendant guilty of both new counts, vacated the filing, and sentenced the Defendant to six months' probation on the two new counts and six months' probation on the vacated filing.
This timely appeal brings before the Court the sole issue of the July 2010 domestic disorderly conduct charge for which the Defendant initially received a filing, and which later served as the basis for his December 10, 2010 sentencing. The State filed the instant motion to dismiss.
 II ANALYSIS
Section 12-10-12 of the General Laws of Rhode Island provides in pertinent part:
 "[A]ny judge of the district court . . . may place on file any complaint in a criminal case other than the complaint for the commission of a felony."
Section 12-10-12(b) goes on to state that:
 "It shall be an express condition of any filing . . . that the defendant shall at all times during the one year keep the peace and be of good behavior. A violation of that express condition or any other condition set by the court shall be deemed a violation of the filing, and the matter which was filed may be resurrected by the court."
Furthermore, § 12-10-12(c) continues:
 "In the event the complaint was originally filed under this section subsequent to the defendant's plea of guilty or nolo contendere to the charges, the court, if it finds there to have been a violation, may sentence the defendant." *Page 3 
The Rhode Island Supreme Court has discussed the procedure to be followed pursuant to § 12-10-12: "Section 12-10-12 also provides that a defendant who fails to keep the peace and be of good behavior for a period of one year may be brought back before the court, at which time the court may vacate the filing and sentence the defendant under the original charge." State v. Brown, 899 A.2d 517 (R.I. 2006).[1]
Meanwhile, § 12-22-1 provides that the right to appeal from district court to superior court is available to those "aggrieved by the sentence of the district court for any offense other than a violation." Furthermore, "[a] defendant who is aggrieved by the sentence of a district court justice for any offense has the right under § 12-22-1 to appeal to the superior court and under § 12-17-1 he has the right to a trial in such court."State v. McGuire, 90 R.I. 301, 303, 157 A.2d 657, 658 (1960). Indeed, "[u]nquestionably, a party exercising his or her statutory right of appeal under § 12-22-1 is afforded a trial de novo in the Superior Court." State v. McManus, 950 A.2d 1180, 1181 (R.I. 2008) (citing State v. Avila, 415 A.2d 180, 182 (R.I. 1980)); seealso McGuire, 90 R.I. at 303, 157 A.2d at 658; § 12-17-1.
Here, the issue is whether § 12-22-1 is triggered when the purported appeal arises from the resurrection of a filing and the sentencing that resulted in District Court. Specifically, the State contends that this Court lacks subject matter jurisdiction over the instant appeal, asserting that it should instead be filed directly with the Supreme Court. *Page 4 
However, the State's support for this proposition is unpersuasive on this point. The State directs the Court to In re BarbaraLamarine, but that matter centered on a probation violation appeal, which is distinct from the procedural considerations at issue here. 527 A.2d 1133, 1135 (R.I. 1987).
The State also highlights the "other than a violation" language that appears in § 12-22-1, seemingly to indicate that the commonality of the word "violation" in the statute and the filing violation at issue here lead to the conclusion that this matter falls beyond the jurisdiction of this Court. In fact, the "violation" the statute references is one of Rhode Island's classifications of crime.State v. Vinagro, 433 A.2d 945, 946 (R.I. 1981) (stating that the statutory classifications include "violation," which is denoted as "[a]ny offense that is punishable only by a fine that does not exceed $500"). The filing violation here, therefore, is not of the type contemplated in § 12-22-1.
As such, the appeal of the sentence imposed upon the Defendant is properly before this Court. The Defendant's original charge was filed pursuant to § 12-10-12(a), and when he was subsequently charged with a new complaint in violation of § 12-10-12(b), the District Court vacated the filing and imposed a sentence on the underlying charge in accordance with § 12-22-1. The Defendant is thus "aggrieved by the sentence of the district court," and that sentence was imposed based on the underlying offense. Section 12-22-1. Accordingly, the Defendant is entitled to a de novo trial in this Court. McManus,950 A.2d at 1181 (citing Avila, 415 A.2d at 182);McGuire, 90 R.I. at 303, 157 A.2d at 658. *Page 5 
 III CONCLUSION
The District Court's decision to vacate the filing and impose a sentence on the underlying charge, pursuant to § 12-10-12, is properly appealed to this Court. Therefore, the State's Motion to Dismiss is denied.
[1] Though the Supreme Court discussed the proper procedure to be followed pursuant to § 12-10-12 in Brown, this Court is mindful that Brown is readily distinguishable from the instant matter.Brown established that a defendant does not have a right to appeal a filing; rather, only after a defendant has been sentenced under the original charge may an appeal be filed to the Supreme Court. Here, the sentence on the original charge has been appealed, not the filing on that charge, and the appeal is to the Superior Court rather than to the Supreme Court.

 *Page 1